NATHANIEL S. BENTON, DISTRICT ATTORNEY OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF NEW YORK v. MELANCTHON T. WOOLSEY, THE BANK OF UTICA ET AL.

The district attorney of the United States filed an information in his own name, in behalf of the United States, in the district court, for the northern district of New York, to enforce a mortgage given to the United States, by Woolsey, one of the defendants. This form of proceeding has been for a long time used, without objection, in the courts of the United States, in New York; and was doubtless borrowed from the form used in analogous cases, in the courts of the state of New York, where the state itself was the plaintiff in the suit. The United States may be considered as the real party, although, in form, it is the information and complaint of the district attorney.

It is certainly desirable that the practice should be uniform in the courts of the United States; and that, in all suits where the United States are the real plaintiffs, the proceeding should be in their name; unless it is otherwise ordered by act of congress.

APPEAL from the district court of the United States for the northern district of New York.

The district attorney of the United States for the northern district, filed in the district court of the northern district, an information on behalf of the United States, for the purpose of foreclosing a mortgage executed by Melancthon T. Woolsey to the United States, in July, 1825, as a security for the payment of a debt due by him to the United States, in one year after its date. The mortgage comprehended land in the county of Jefferson, and in the county of St. Lawrence, New York; and it was recorded in Jefferson county, on the 26th day of November, 1830, and in the county of St. Lawrence, on the 10th of June, 1831.

The Bank of Utica had obtained a judgment against Melancthon T. Woolsey, in the supreme court of New York, on the 17th of October, 1816, for one thousand six hundred dollars, which judgment was docketed on the 24th of November, 1817. No execution was issued on this judgment until it was revived by a scire facias, on the 9th July, 1828. A fieri facias was then issued on the judgment, and the lands mortgaged to the United States were sold to satisfy the debt, and were purchased by the Bank of Utica; to whom they were conveyed by the sheriff on the 3d May, 1830. The lands in

St. Lawrence county were sold by the sheriff, January 30, 1829, and conveyed to the Bank of Utica, on the 15th May, 1830, having been purchased by the bank.

By the law of New York, the judgments in favour of the Bank of Utica, ceased to be a lien on the lands of Woolsey, after ten years, against bona fide purchasers and subsequent incumbrances; and the district attorney, on behalf of the United States, claimed the operation of the mortgage to the United States, so as to exclude the claim of the bank, under the judgment upon which the land was sold, and purchased by the bank to satisfy their debt.' No money was paid by the bank, at the time of the purchase, except the expenses attending the proceedings against the land; but the bank claimed to hold the land as a bona fide purchaser, the property having been bought to satisfy the debt due on the judgment, and without notice of the mortgage to the United States; it not having been put on record until after the proceedings under the judgment.

The district court gave a decree in favour of the defendants, and the plaintiff appealed to this Court.

The questions arising on this case were argued at large, in printed arguments, by Mr. Butler, the attorney general, for the United States; and by Mr. Beardsley, for the defendants.

The judgment of the district court was affirmed, by a divided Court; and no opinion was given on any of the questions raised and argued in the cause; except upon a question of jurisdiction. Mr. Justice Thompson did not sit in the cause, being connected with one of the parties to it.

The Court intimated a doubt of their jurisdiction in the case, as the district attorney had instituted the suit in his own name.

Upon this question Mr. Butler, the attorney general, said:

That the bill represents a case, in which the United States are exclusively the parties complainants; and the appeal is taken by the district attorney, as prosecuting for the United States. The United States are the only parties, and the district attorney has no interest in the cause. The Court will not look, particularly, at forms, when the substance of the case is manifestly within its jurisdiction.

The judiciary act gives jurisdiction to the courts of the United States, in all cases in which the United States are parties. It is then

submitted, that as the interest in the suit is entirely in the United States, the Court will consider the case as if brought in the name of the United States.

The rules of practice in the courts of chancery, in England, are the rules established for the government of suits in chancery in the courts of the United States. Where those rules are silent, the practice of the state courts is resorted to. In the courts of New York, it is the practice to file bills in the name of the attorney general, in cases in which the state of New York is interested. In one instance, in the circuit court of the southern district of New York, this practice was adopted. Cited, 33 Rule of the Practice of the Circuit Courts in proceedings in Chancery. Newland's Practice, 55.

It is admitted that no officer of the United States can be sued as such; nor can he, without the authority of an act of congress, institute a suit. But this does not apply in admiralty cases, or in cases in equity; where the United States, being interested, the law officer of the United States often interposes.

In the case of Brown v. Strode, 5 Cranch, 303; 2 Cond. Rep. 265; it was held, that the courts of the United States have jurisdiction in a case, in which citizens of the United States are but nominal plaintiffs, for the use of an alien. On the authority of this case, and of the practice of the courts of the state of New York, the jurisdiction of the Court is claimed. The district attorney is but a nominal party.

Mr. Beardsley, for the defendants, said no wish was entertained to prevent the Court taking jurisdiction of the case.

Mr. Chief Justice TANEY delivered the opinion of the Court.

In this case, a bill of information and complaint was filed by the district attorney of the United States, in behalf of the United States, in the district court for the northern district of New York, against Melancthon C. Woolsey, the Bank of Utica and others, for the purpose of foreclosing a mortgage upon certain real property, executed by the said Woolsey to the United States, on the 20th of July, 1825, to secure the payment of twenty-nine thousand four hundred and fifty-nine dollars and twenty-nine cents, in one year from the date, with interest. The property mortgaged, was situated partly in the county of Jefferson, and partly in the county of St. Lawrence, in the state of New York; and the mortgage was recorded in the coun-

[Benton v. Woolsey et al.]

ty of Jefferson, November 26th, 1830; and in the county of St. Lawrence, June 10th, 1831.

It appears, from the answer and evidence, that the Bank of Utica obtained a judgment in the supreme court of the state of New York, against the said Woolsey, on the 7th October, 1817, for sixteen thousand dollars; and the judgment was docketed November 24th, 1817. No further proceedings were had upon it until May term, 1828, when it was revived by scire facias, and the judgment on the scire facias docketed July 9th, 1828.

Process of fieri facias issued on this judgment, endorsed to levy six thousand six hundred and sixty-seven dollars and fifty cents; and the lands mortgaged to the United States, in Jefferson county, were sold by the sheriff, on the 24th of November, 1828; and (with the exception of a small parcel,) purchased by the bank. They were conveyed by the sheriff to the bank, May 3d, 1830. The lands in St. Lawrence county, mortgaged to the United States, were sold by the sheriff, January 30th, 1829; and conveyed by the sheriff to the bank, May 15th, 1830.

The judgment obtained by the bank, in 1817, after the expiration of ten years from the time it was docketed, ceased, by the law, of New York, to be a lien upon real estate, against bona fide purchasers, or subsequent incumbrances, by mortgage, judgment, or otherwise; and, consequently, after the 24th of November, 1827, it no longer bound the property of Woolsey.

The bank denies, in its answer, that it had notice of the mortgage in question, at the time it purchased and obtained the conveyances; and there is no evidence in the record to charge them with notice. It purchased and obtained the deeds, as above stated, before the mortgage was recorded. No money was paid by the bank, on the purchase, except for expenses of sale and costs. The property was bought to secure the debt due from Woolsey; and the bank claims, by reason of that debt, to be a bona fide purchaser, for a valuable consideration; and, having had no notice of the mortgage to the United States, it insists that it is entitled to hold the lands discharged of the mortgage.

Some doubts were at first entertained by the Court, whether this proceeding could be sustained in the form adopted by the district attorney. It is a bill of information and complaint, in the name of the district attorney, in behalf of the United States. But, upon carefully examining the bill, it appears to be, in substance, a proceed-

[Benton v. Woolsey et al.]

ing by the United States; although, in form, it is in the name of the officer. And we find that this form of proceeding, in such cases, has been for a long time used, without objection, in the courts of the United States, held in the state of New York; and was doubtless borrowed from the form used in analogous cases, in the courts of the state, where the state itself was the plaintiff in the suit. No objection has been made to it either in the court below, or in this Court, on the part of the defendants; and we think the United States may be considered as the real party; although, in form, it is the information and complaint of the district attorney. But, although we have come to the conclusion that the proceeding is valid, and ought to be sustained by the Court, it is certainly desirable that the practice should be uniform in the courts of the United States; and that, in all suits where the United States are the real plaintiffs, the proceeding should be in their name, unless it is otherwise ordered by act of congress.

Considering the United States as the real party in the case, the question to be decided by this Court is, whether, under the act of the state of New York, concerning judgments and executions, passed April 2d, 1813, the Bank of Utica was a bona fide purchaser at the sheriff's sale herein before mentioned; the purchase being made not upon an advance of the purchase money, but to pay a precedent debt due to the bank by judgment.

This question has been fully argued and carefully considered by this Court. But no opinion can be pronounced on the point, because the judges are equally divided upon it. Upon this division, the judgment of the court below is necessarily affirmed.

This cause came on to be heard, on the transcript of the record from the district court of the United States, for the northern district of New York; and was argued by counsel. On consideration whereof, it is adjudged and ordered by this Court, that the judgment of the said district court in this cause be, and the same is hereby affirmed.