### THE SANTO DOMINGO.

#### (District Court, E. D. New York. February 11, 1902.)

War—Suit for Adjudication of Naval Prize and Bounty—Publication of Monition.

In a suit by the United States for the adjudication of a prize of war captured by a naval vessel and the rights of the captors to bounty under the laws, in which the court acquires jurisdiction by designation of the secretary of the navy, although the publication of the monition has been made in technical compliance with the rules and practice of the court, a further publication will be ordered on application of the government, where it appears necessary to bring notice to all those who may be entitled to be heard, to be made not only in a local paper, but in such other as appears calculated to accomplish its purpose.

In Admiralty. On application for republication of monition in prize case.

George H. Pettit, U. S. Atty.

Harriman & Fessenden, for captors.

THOMAS, District Judge. The libel herein was filed by the United States attorney for the Eastern district of New York, who "libels for the United States and for all parties in interest, against the Spanish steamer or vessel Santo Domingo," and alleges her capture during the Spanish War by the United States ship of war Eagle. The secretary of the navy has designated the Eastern district of New York as the district within which proceedings for the adjudication of the prize and of the rights of the captors to bounty under any law of the United States shall be commenced. The libel was filed April 26, 1899, and the monition was issued May 17, 1899, and service of the same was

made by publication in the Standard-Union, a newspaper published in the borough of Brooklyn. The United States has deposited to the credit of this court the sum of $1,174.91, which it claims is the total amount that should be distributed, while the persons who have appeared and allege themselves to be the captors and entitled to the bounty state that the value of the Santo Domingo and her cargo was $1,000,000. The jurisdiction of this court depends upon the designation of the secretary of the navy, above stated, or the possession of some portion of the proceeds of the res, or both. On December 5, 1901, an order was entered amending the libel, and all pleadings and proceedings, and directing that they should be entitled "The United States of America, Libelant, against the Spanish Steamer Santo Domingo, Her Tackle, Apparel, and Furniture." It is urged on the part of the United States that, in view of this amendment, there should be a republication of the monition.

It is considered that within the authority of The Palmyra, 12 Wheat. 11, 6 L. Ed. 531; Benton v. Woolsey, 12 Pet. 27, 9 L. Ed. 987; Jecker v. Montgomery, 18 How. 125, 15 L. Ed. 311,—the practice was technically correct, and in that regard republication is not obligatory. However, the jurisdiction of this court is obtained in the manner above stated, and the publication, although following the practice of the court, is entirely insufficient, under the circumstances, to bring notice to those who may deem themselves entitled to be heard; and for this reason, and this alone, a republication of the monition is ordered, not only in the local paper, but also in a newspaper whose place of publication or circulation is calculated to bring notice to interested parties. Therefore it is directed that such republication be had, not only in the Standard-Union, but also in the Washington Star, a newspaper published in the District of Columbia.