CHARLOTTESVILLE AND ALBEMARLE RAILWAY CO. v. RUBIN.

January 16, 1908.

1. APPEAL AND ERROR—*Divided Court—Affirmance—Rule of Necessity.*— The affirmance of the judgment of a trial court by an equal division of the judges of this court results from necessity, and independently of statute. The former statute in this state on that subject was simply declaratory of a well settled pre-existing rule of necessity which is not changed by the omission from the present statute of anything on the subject.

Motion to rehear a judgment of this court affirming a judgment of the circuit court of Albemarle county by a divided court.

*Rehearing Refused.*

The opinion states the case.

*Harman & Walsh,* for the petitioner.

BY THE COURT.

The petition to rehear in this case proceeds upon the mistaken theory that the order of affirmance is void inasmuch as the present statute (Va. Code, 1904, sec. 3485) makes no express provision, as did the former statute, for judgments by divided court.

The contention is founded upon the misconception that the origin of that procedure is statutory. On the contrary, the statute was merely declaratory of a well-settled, pre-existing rule of necessity.

"Where the court is equally divided, so far as the point of division goes, the judgment or decree of the court below is affirmed. *The Antelope,* 10 Wheat. 66, 6 L. Ed. 268; *Washington Bridge Co.* v. *Stewart,* 3 How. 413, 11 L. Ed. 658; *Durant* v. *Essex Co.,* 7 Wall. 112, 19 L. Ed. 154. Although, where the court is equally divided in opinion upon a writ of error, the judgment of the court below is affirmed, no principle is settled thereby. *Etting* v. *Bank of U. S.,* 11 Wheat. 59, 6 L. Ed. 419. On a point upon which the judges are equally divided the supreme court will pronounce no opinion. *Benton* v. *Woolsey,* 12 Pet. 27, 9 L. Ed. 987. Where the court is equally divided, it cannot change the decree of the circuit court, or exercise the discretionary power to allow interest, for this would be a new decree. *Hemmenway* v. *Fisher,* 20 How. 255, 15 L. Ed. 799. A writ of error was dismissed by the supreme court on a division of opinion as to jurisdiction, where a fugitive murderer indicted in Canada was arrested in Vermont under warrant from the governor upon demand for his surrender, and the state court refused to release him on *habeas corpus.* *Holmes* v. *Jennison,* 14 Pet. 540, 10 L. Ed. 579. When the court is equally divided the judgment will be affirmed, with costs. *Bauer* v. *Texas & P. R. Co.,* 131 U. S. 430, 33 L. Ed. 210, 9 Sup. Ct. Rep. 795; *Moffitt* v. *Miller,* 34 L. Ed. 539. Equal division of the court on motion for rehearing of a judgment of reversal previously rendered leaves that judgment in force, and does not result in affirming the judgment of the lower court. *Carmichael* v. *Eberle,* 177 U. S. 63, 44 L. Ed. 672, 20 Sup. Ct. Rep. 571." Taylor on Jur. & Proc. of U. S. Sup. Ct., sec. 441.

The other grounds assigned for a rehearing involve questions already considered, and upon which the court was divided.

For these reasons the prayer of the petition is denied.

*Rehearing refused.*