### WESTHUS et al. v. UNION TRUST CO. OF ST. LOUIS.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1909.)

No. 2,654.

COURTS (§§ 90, 91*)—PREVIOUS DECISIONS AS CONTROLLING OR AS PRECEDENTS—AFFIRMANCE BY DIVIDED APPELLATE COURT.

A judgment of affirmance by an equally divided appellate court conclusively settles the rights of the parties in the particular litigation, but does not establish a precedent in the court which renders it, and does not control inferior tribunals in other cases.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 314, 325; Dec. Dig. §§ 90, 91.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

On petition for rehearing.

For former opinion, see 164 Fed. 795.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

PER CURIAM. It is now urged that we are bound by the judgments of the Supreme Court in Eidman v. Tilghman, 203 U. S. 580, 27 Sup. Ct. 779, 51 L. Ed. 326, and the other cases like it. In other words, it is claimed that, when an affirmance of a judgment results from an equal division of the Justices of the Supreme Court who participate in the hearing, it not only conclusively settles the particular

case as between the parties and their privies, but also establishes a principle of law to be followed by inferior courts in subsequent cases.

That seems to be the rule in England. In Regina v. Millis, 10 Cl. & Fin. 534, 8 Jur. 717, an indictment for bigamy involved the validity of a marriage without the presence of a person in holy orders. A jury at the assizes found a special verdict setting forth the facts, and the cause was then removed by certiorari to the Court of Queen's Bench in Ireland. The Justices of that court were divided in opinion, but to obtain a review in the House of Lords one of them withdrew, and the accused was thereupon acquitted. In the House of Lords the question put, according to the custom, was whether the judgment complained of should be reversed, and it appeared the votes were equal. "Whereby, according to the ancient rule in law, 'Semper præsumitur pro negante,' it was determined in the negative. Therefore the judgment of the court below was affirmed and the record remitted." Shortly afterwards Regina v. Millis was recognized in the Court of Exchequer as binding authority for the doctrine that a valid marriage can be contracted only in the presence of a clergyman in holy orders. Catherwood v. Caslon, 13 M. & W. 261. Later the House of Lords had occasion again to consider the question, and also whether the only clergyman present, being the bridegroom, could perform the ceremony. The former decision in Regina v. Millis, so far as it went, was recognized as establishing a principle binding not only upon all inferior tribunals, but upon the House of Lords itself, and it was said that to change it the house would be arrogating to itself the right of altering the law and legislating by its own separate authority. Beamish v. Beamish, 9 H. L. Cas. 274.

In London Tramways Co. v. London County Council, 67 L. J. 559, 561, Beamish v. Beamish was again approved in the House of Lords. The Lord Chancellor, in answering what he termed a very ingenious argument of counsel that the prior decision might have proceeded upon an omission to notice an act of Parliament, or the court might have acted upon an act of Parliament afterwards found to have been repealed, said that would be a case of a mistake of fact, and that the case subsequently arising would not be embarrassed by the mistake of fact in the prior one. That answer could not be made in this country.

It is an interesting coincidence that the same question, whether there could be a valid marriage contract per verba de præsenti, arose in the Supreme Court of the United States about the same time Regina v. Millis was decided in England, and the Justices of that court were also equally divided in opinion. The judgment of the Circuit Court was reversed because of the erroneous exclusion of evidence, but it was said that because of the division no opinion could be given upon the other question above mentioned. The weight of opinion in this country is that a judgment of affirmance by a divided appellate court conclusively settles the rights of the parties in the particular litigation, but does not establish a precedent in the court which renders it, and does not control inferior tribunals in other cases.

In Etting v. United States Bank, 11 Wheat. 59, 78, 6 L. Ed. 419, Chief Justice Marshall, speaking for the court, said:

"In the very elaborate arguments which have been made at the bar, several cases have been cited which have been attentively considered. No attempt will be made to analyze them, or to decide on their application to the case before us, because the judges are divided respecting it. Consequently the principles of law which have been argued cannot be settled; but the judgment is affirmed, the court being divided in opinion upon it."

In Durant v. Essex Company, 7 Wall. 107, 19 L. Ed. 154, it is said that the result of a divided court is due to the fact that it is the appellant or plaintiff in error who is the moving party, and that it is affirmative action which he seeks. The question presented is whether the judgment or decree shall be reversed, and if the judges are divided no order can be made, and the action of the court below must remain in force. It was also said that the settled practice in such a case was to enter a judgment of affirmance, but that it was only the most convenient mode of expressing the fact that the cause was finally disposed of in conformity with the action of the court below, and that that court could proceed to enforce its judgment. "The legal effect would be the same if the appeal or writ of error were dismissed." In referring to the statement, which always accompanies such a judgment, that it is rendered by a divided court, Mr. Justice Field said:

"It serves to explain the absence of any opinion in the cause, and prevents the decision from becoming an authority for other cases of like character."

Hanifen v. Armitage (C. C.) 117 Fed. 845, arose in the Eastern district of Pennsylvania, and involved the validity of a patent which had been previously sustained by the Court of Appeals of the Third Circuit, of which Pennsylvania is a part. The same patent had been declared invalid by the Court of Appeals of the Second Circuit. The latter case was removed to the Supreme Court by certiorari, but, that court being divided in opinion, the result was an affirmance of the decision that the patent was invalid. Judge Archbald, sitting in the Circuit Court for the Eastern district of Pennsylvania, who was confronted by this decision, said:

"Such an affirmation establishes no precedent or principle, and, so far as this court is concerned, the decision of the Court of Appeals of this circuit sustaining the patent therefore remains."

In Bridge v. Johnson, 5 Wend. (N. Y.) 342, 372, it was said:

"But such a formal affirmance, although it leaves the law of the Supreme Court undisturbed, cannot be considered as settling the law in this court, except so far as relates to the particular cause in which the decision is made. The maxim stare decisis et non quieta movere cannot be applicable to such a case, where the question never has in fact been decided by this court."

In Morse v. Goold, 11 N. Y. 282, 285, 62 Am. Dec. 103, the court, in referring to a prior judgment in another case involving the same question, said:

"Although the judgment of the Supreme Court * * * was affirmed by this court, yet, as the judges were equally divided in opinion, the determination cannot be regarded as a precedent, but the question must be regarded as entirely open."

In McFarland v. Railway Officials, 5 Wyo. 126, 147, 38 Pac. 677, 27 L. R. A. 48, 63 Am. St. Rep. 29, it was said:

"The effect of such an affirmance has long been settled by the Supreme Court of the United States. In such case the court hands down no opinion, and the decision is not to be considered as settling any principle. Benton v. Woolsey, 12 Pet. 27, 9 L. Ed. 987; Etting v. Bank, 11 Wheat. 59, 6 L. Ed. 419. This court cannot be expected to give to such affirmance by the Supreme Court of the United States greater weight as authority than that court gives it, and that court has not yet given an opinion upon the limitation clause of the policy."

In Bank v. Brownell, 9 R. I. 168, 175, 11 Am. Rep. 231, the case of Etting v. Bank was referred to as not having decided the question of law involved.

In addition to the cases in England, counsel for petitioner refer to some in this country which will be noticed.

In Lessieur v. Price, 12 How. 59, 13 L. Ed. 893, all that was held was that, where the highest court of a state affirmed the judgment of an inferior state court by an equal division of the judges, the judgment of affirmance is considered when the case is brought to the Supreme Court as an affirmance of the rulings of the trial court, for, as was said—

"to hold otherwise would be declaring that nothing had been decided in the state court of last resort, and thereby a second writ of error to this court would be defeated."

State Tax Law Cases, 54 Mich. 350, 417, 445, 20 N. W. 493. The constitutionality of a tax law of Michigan had been upheld by a divided Supreme Court of the state. Afterwards cases involving the same question were brought in the local courts of two counties, in one of which the trial court sustained the law, and in the other the law was held unconstitutional notwithstanding the prior affirmance in the Supreme Court. Both cases came before the Supreme Court of Michigan, and, the judges again dividing equally, both judgments were affirmed. The reference of counsel is to the opinion of Chief Justice Cooley, whose view, which did not prevail, was that the first affirmance established a precedent for the guidance of inferior courts, and for the Supreme Court itself until duly overruled.

City of Florence v. Berry, 62 S. C. 469, 40 S. E. 871, was controlled by a constitutional provision providing for an affirmance upon an equal division of the judges, in connection with an attempt in the constitutional convention to limit the effect of the judgment to the particular case thus determined. The court, after observing that the proposed amendment was not adopted, said that the attention of the framers of the Constitution was specially directed to the very point under consideration, and that fact should be regarded in construing the intent of the provision.

Birckhead v. Brown, 5 Sandf. (N. Y.) 134, was decided by a court of inferior jurisdiction, and is not in harmony with the other cases from that state.

The other matters relied on have already been considered.

The petition for rehearing is denied.