CHOUTEAU et al. v. ALLEN, Collector of Internal Revenue.

(Circuit Court of Appeals, Eighth Circuit. May 13, 1909.)

No. 2,822.

INTERNAL REVENUE (§ 8*)—INHERITANCE TAX—CONSTRUCTION—RECOVERY OF PAYMENT MADE.

A will bequeathed the residue of testator's estate to trustees, in trust to invest and collect the rents and profits, and after the payment of taxes, etc., to pay one-third of the income to each of testator's daughters for life as her separate property, without the right to dispose of it by will, or to anticipate, mortgage, pledge, or hypothecate, and on the death of each of the daughters, leaving a child or children surviving, the corpus of the estate to go to such child or children on their reaching 21. In default of surviving child or children, or brothers or sisters, then to testator's right heirs, and in case each of the daughters died before testator, leaving a child or children or lineal descendants thereof, such child or children or descendants should take in the same manner and subject to the same trust as provided in respect thereto in case testator had died before the daughters. *Held*, that the interests created by such will were vested, and not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

contingent, and, having vested prior to July 1, 1902, the executors were entitled to recover from the United States the inheritance tax paid thereon as authorized by Act Cong. June 27, 1902, c. 1160, § 3, 32 Stat. 406 (U. S. Comp. St. Supp. 1907, p. 652).

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 8.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Joseph Wheless and H. T. Newcomb, for plaintiffs in error.
Truman P. Young, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

PER CURIAM. The judgment of the Circuit Court in this case is affirmed upon the authority of Westhus v. Union Trust Co. (C. C. A.) 164 Fed. 795, on rehearing 168 Fed. 617.

NOTE.—The following is the opinion of Dyer, District Judge, in the Circuit Court:

DYER, District Judge. This is an action brought by the executors of the last will and testament of Charles P. Chouteau against the collector of internal revenue for the First collection district of Missouri for moneys alleged to have been paid to the collector (under protest) on an assessment duly made against the executors of the estate of Charles P. Chouteau. Charles P. Chouteau died on the 5th day of January, 1901. At the time of his death, and of the making of the will (hereinafter mentioned) by him, the following statutes of the United States were in force (Act June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307]):

"Sec. 29. That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property as aforesaid shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest therein, transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor, or bargainer, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows: *  *  *

"Sec. 30. That the tax or duty aforesaid shall be a lien and charge upon the property of every person who may die as aforesaid for twenty years, or until the same shall, within that period, be fully paid to and discharged by the United States; and every executor, administrator, or trustee, before payment and distribution to the legatees, or any parties entitled to beneficial interest therein, shall pay to the collector or deputy collector of the district of which the deceased person was a resident the amount of the duty or tax assessed upon such legacy or distributive share, and shall also make and render to the said collector or deputy collector a schedule, list or statement, in duplicate, of the amount of such legacy, or distributive share, together with the amount of duty which has accrued, or shall accrue thereon, verified by his oath or affirmation, to be administered and certified thereon by some magistrate or officer having lawful power to administer such oaths, in such form and manner as may be prescribed by the Commissioner of Internal Revenue, which schedule, list or statement shall contain the names of each and every person entitled to any beneficial interest therein, together with the clear value of such interest, the duplicate of which schedule, list or statement shall be by him immediately delivered, and the tax thereon paid to such collector: and upon such payment and delivery of such schedule, list or state-

ment, said collector or deputy collector shall grant to such person paying such duty or tax a receipt or receipts for the same in duplicate, which shall be prepared as hereinafter provided. Such receipt or receipts duly signed and delivered by such collector or deputy collector, shall be sufficient evidence to entitle such executor, administrator or trustee to be credited and allowed such payment by every tribunal which, by the laws of any state or territory is, or may be, empowered to decide upon and settle the accounts of executors and administrators. * * *"

The will of Charles P. Chouteau, or so much thereof as is pertinent to the question under consideration, is as follows:

"Section Four (4): All the rest and residue of my estate, excluding the $50,000.00 and any additions thereto embraced in section two, but including the remainder, subject to the life estate bequeathed and devised in section three to my wife, I give, bequeath and devise as follows, that is to say: To my son, Pierre Chouteau and to his heirs and assigns, one-fourth part thereof; and the remaining three-fourths part thereof, including whatever remains at the death of my said son Henry of the said principal sum of $50,000.00 (any accumulations which may have been added thereto) mentioned in section two, I give, bequeath and devise to (plaintiffs as trustees and successors in trust of others named) and to their heirs and successors in trust, but in trust and upon the following trust, that is to say: To collect the rents, issues, profits and income thereof and therefrom, and after paying the taxes and other proper and necessary charges thereon and on account thereof, to pay over, in quarterly installments, the net annual balance as follows, viz.: To my daughter Emily A. Henshaw (wife of John M. Henshaw) during and only during her life, one-third of said net balance; to my daughter Anne V. Johnson (wife of D. D. Johnson) during and only during her life, one-third of such net balance; and to my daughter Marie J. Chouteau, during and only during her life, the remaining third of such net balance. And I direct that each of my said three daughters shall receive and hold her portion of said net income, aforesaid, as a sole and separate estate, it being my intention to exclude any husband either of them now has or may hereafter have from any interest in or control over said income, and from any and all rights, interest or estate, as tenants by the curtesy, or otherwise, in said trust property aforesaid, or in any part thereof. And neither of my said daughters shall have any right or power to devise, bequeath, transfer or convey any right or interest or estate in said trust property, or in any part thereof, or in her said portion of said net income, or in any manner to anticipate the same, either by mortgage, pledge, hypothecation, or by any other method or means of incumbrance or disposition, and it is my will and I direct that upon the death of each of my said daughters, if she leaves a child or children, surviving her, one-third of the corpus or principal of said trust property in the hands of said trustee shall pass to and vest in her said child or children, and in the descendants (living at the death of my said daughter), such descendant or descendants taking the portion its or their parent would have taken had such parent survived my said daughter; and said trustees shall transfer and convey, in the proportions aforesaid, said one-third of said corpus or principal of said trust property to said child or children, and the descendant or descendants, if any, of such deceased child or children; provided, however, and it is my will and I direct, that if at the death of my said daughter any child of hers be then under the age of twenty-one years, such child's portion of said one-third, aforesaid, of said corpus or principal of said trust property shall be held and managed by said trustees until such child attains the age of twenty-one years, when, and not before such transfer and conveyance shall be made by said trustees to such child; but during and until such child has attained the age of 21 years such portion of the net income of such child's share in said trust property, which said trustees may deem proper, may be expended by them for his or her education or maintenance, or both, and also, provided further, and it is my will and I direct, that if any child of my said deceased daughter die before attaining the age of 21 years, and without leaving issue surviving him or her, then and in such case, the portion aforesaid of said deceased child in said corpus or principal of said trust property shall pass to and vest in and be conveyed by said trustees to his or her, such child's, surviving brother or brothers, and sister or sisters; but if such de-

ceased child leaves no brother or sister surviving him or her, then, and in that case his or her said portion shall at once vest in and be transferred and conveyed by said trustees to my right heirs. Also provided further, and it is my will and I direct that if either of my said three daughters die without leaving lineal descendants surviving her, then and in that event the said portion aforesaid of the corpus or principal of said trust property, the net income of which is above given to her during her life, shall at her decease pass to and vest in my right heirs and the said trustees shall transfer and convey the same to them.

"And I authorize and direct said trustees to manage and control said trust property during the continuance of the trust created by this section, as they shall deem best, thereby conferring upon them full power to sell, transfer and convey any of said trust property whenever and as often as they may determine it to be expedient and to invest the proceeds of such sale or sales in such property, whether real or personal or both, as to them shall seem best for the interests of said trust, and also to change, whenever and as often as they may determine, any investment or investments of the funds of said trust, including in the powers hereby conferred the power to improve, whenever and as often as they may determine, by the erection of new buildings or reconstruction of existing buildings or otherwise, any of the real estate which may at any time belong to said trust. And further confer upon said trustees full power to make, from time to time, any division of said trust property, which may become necessary in carrying out the provisions of the trust, and such division or divisions made by them shall be binding and conclusive upon all persons or parties interested therein. * * *

"Section Seven. It is also my will and I direct that if either of my said daughters die before my decease, leaving a child or children, or lineal descendants of a child or children, surviving her, in that event such child or children, and such lineal descendants, if any, of such deceased child or children, shall take under this will in the same manner, to the same extent and subject to the same conditions, restrictions, limitations, powers and trusts, as above, in Section Four, provided in respect of such child, children and lineal descendants, in the case of my death before the death of such daughter."

Subsequent to the making of this will and the death of Mr. Chouteau, Congress passed Act June 27, 1902 (Act June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1907, p. 652]), as follows:

"Sec. 3. That in all cases where an executor, administrator, or trustee shall have paid, or shall hereafter pay, any tax upon any legacy or distributive share of personal property under the provisions of the act approved June thirteenth, eighteen hundred and ninety-eight, entitled 'An act to provide ways and means to meet war expenditures, and for other purposes,' and amendments thereof, the Secretary of the Treasury be, and he is hereby authorized and directed to refund, out of any money in the treasury, not otherwise appropriated, upon proper application being made to the Commissioner of Internal Revenue, under such rules and regulations as may be prescribed, so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July first, nineteen hundred and two. And no tax shall hereafter be assessed or imposed under said act approved June thirteenth, eighteen hundred and ninety-eight, upon or in respect of any contingent beneficial interest which shall not become absolutely vested in possession or enjoyment prior to said July 1st, nineteen hundred and two."

The plaintiffs, in pursuance of this statute, made application to the Commissioner of Internal Revenue to refund to them the taxes collected upon the assessment. The Commissioner refused the application, and the result of it all is this suit.

The only question of law arising in this case is: "Are the interests created by the will of Mr. Chouteau contingent or vested?" If contingent, the plaintiffs are entitled to recover back the taxes paid; but, if vested, then they are not entitled to recover. In my judgment the interests represented here by the petitioners were vested, and not contingent, under the will of Mr. Chouteau.

Judgment will be entered for the defendant.