# UNION TRUST COMPANY OF ST. LOUIS *v.* WESTHUS.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 46.  Argued November 8, 11, 1912.—Decided May 5, 1913.

By the distribution of power made by the Circuit Court of Appeals Act of 1891, and now embodied in the Judicial Code of 1911, this court has no jurisdiction to review a judgment or decree of the Circuit Court of Appeals otherwise than by proceedings addressed directly to that court in a cause which is susceptible of being reviewed.

That which can only be done by direct action cannot be done by indirection.

In a case in which on the original pleadings the judgment of the Circuit Court of Appeals would not have been reviewable by this court, plaintiff recovered in the Circuit Court and on appeal the Circuit Court of Appeals reversed and remanded for new trial, with an opinion adverse to all of plaintiff's contentions: plaintiff in the Circuit Court amended by adding an allegation denying due process of law, and elected not to plead further after demurrer sustained and took a direct writ of error to this court basing it on the constitutional question, and claiming that in this court all other questions could also be passed on: *Held* that this court will not in this indirect manner attempt to review a judgment of the Circuit Court of Appeals which it otherwise has not jurisdiction to review.

This court is scrupulous to keep within its jurisdiction, and if the record does not show that the Circuit Court of Appeals has already passed on questions in the case it will order the deficiency supplied by directing the court below to certify all the papers in the case.

THE facts, which involve the jurisdiction of this court directly to review the judgment of the Circuit Court, are stated in the opinion.

*Mr. H. T. Newcomb,* with whom *Mr. Montague Lyon* and *Mr. S. L. Swarts* were on the brief, for plaintiff in error.

*Mr. Assistant Attorney General Harr* for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Plaintiff in error was plaintiff below, and brought this action to recover a sum levied as a legacy tax under §§ 29 and 30 of the War Revenue Act of June 13, 1898, c. 448, 30 Stat. 448, 464, 465, as amended by the act of March 2, 1901, c. 806, §§ 10, 11, 31 Stat. 938, 946–948. The grounds for recovery stated in the petition in effect presented only questions of statutory construction. The trial court, being of opinion that a recovery was justified upon one of the stated grounds, sustained a demurrer to the answer, and, the defendants not desiring to plead further, judgment was entered for the plaintiff. The case was then taken to the Circuit Court of Appeals. That court in a full and careful opinion reviewed the grounds for recovery relied upon in the petition, decided that all the grounds of the claim were without merit and held there was no right to the relief prayed. In consequence the judgment of the court below was reversed and the case was remanded with directions to overrule the demurrer, and for further proceedings consistent with the views expressed in the opinion of the court. 164 Fed. Rep. 795. A petition for rehearing was overruled. 168 Fed. Rep. 617.

On the receipt of the mandate the trial court allowed the plaintiff to file an amended petition, wherein, in addition to repeating the contentions urged in the original petition it was alleged that the "clear value" of the life estate in question had been fixed and determined by a method so arbitrary as to amount to a deprivation of property without due process of law. A demurrer to this amended petition was sustained, and, the plaintiff elect-

ing not to plead further, judgment was entered in favor of the defendants.

The case was then brought directly to this court upon the theory that a constitutional question was involved. The assignments of error invoked a reëxamination of all the issues including those which had been adversely passed on by the Circuit Court of Appeals. On these assignments the case was argued at bar and taken under advisement on a record which contained only the proceedings had in the trial court subsequent to the filing of the mandate of the Circuit Court of Appeals. While in that situation the published report of the opinion of the Circuit Court of Appeals came under our observation. Mindful of the proper consideration due to the Circuit Court of Appeals and of our duty at all times to be scrupulous to keep within our jurisdiction, for the purpose of enabling us to apply the doctrine announced in the case of *Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31, in which case, as in this, the record did not disclose that the cause had been passed upon by the Circuit Court of Appeals, although there was on the files of this court certiorari proceedings so showing, to which resort was had, we directed that the court below supply the deficiency, if any there was, in the record, by certifying all the proceedings had in the case. At once, by stipulation of counsel, an additional transcript was filed stating the proceedings on the first trial, the taking of the appeal to the Circuit Court of Appeals and the action of that court, and in the light thus afforded we come first to consider our jurisdiction over the controversy.

There can be no doubt that on the record upon which the Circuit Court of Appeals acted the judgment of that court, if it had been final in form, would have been beyond our competency to review. *Spreckels Sugar Refining Co.* v. *McClain,* 192 U. S. 397. There can equally be no doubt that if we have power to pass upon the case on this record,

our jurisdiction embraces not only the right to decide the alleged constitutional question raised after the mandate of the Circuit Court of Appeals had been filed in the trial court, but also all other questions arising on the record including those passed upon by the Circuit Court of Appeals. Indeed, it is unnecessary to cite the many authorities sustaining this view, since the insistence of the plaintiff in error is that every question is open, and in effect the argument seeks a review and reversal of the rulings previously made by the Circuit Court of Appeals. But by the distribution of power made by the act of 1891 and embodied in the Judicial Code, no jurisdiction is conferred upon this court to review a judgment or decree of the Circuit Court of Appeals otherwise than by proceedings addressed directly to that court in a cause which is susceptible of being reviewed. Under these conditions the absence of jurisdiction to exercise the authority which we are now asked to exert would seem to be clear unless the principle be recognized that we have a right to do by indirection that which the statute gives us power only to do by direct action. It is, however, said the statute gives the right to come directly to this court where a constitutional question is involved and as such question was raised below, albeit after the cause was pending in the trial court for the purpose of giving effect to the mandate of the Circuit Court of Appeals, the right to direct review exists and cannot be denied without refusing to accord the relief plainly afforded by the statute. At best this proposition but involves the assertion that by virtue of the power conferred to take a direct appeal from one court, authority is given to indirectly review the decision of another and higher court, although the statute restricts the right to review such decision to a direct proceeding. But resort to original reasoning to establish the unsoundness of the proposition relied on is scarcely necessary, as that result will be made plainly manifest by applying

principles established in the following cases: *Aspen Mining & Smelting Co.* v. *Billings*, 150 U. S. 31, 37; *Brown* v. *Alton Water Co.*, 222 U. S. 325, and *Metropolitan Co.* v. *Kaw Valley District*, 223 U. S. 519. Nor, as in effect held in the *Metropolitan Case*, can the case of *Globe Newspaper Co.* v. *Walker*, 210 U. S. 356, be considered as announcing a doctrine in conflict with the rulings in the *Aspen* and *Alton* cases. And aside from a distinction suggested in the *Metropolitan Case* between the *Aspen* and *Alton* cases and the *Globe Case*, it must follow that if the ruling in the *Globe Case* was in anywise in conflict with the doctrine announced and approved in the *Metropolitan Case*, to the extent of such conflict it was necessarily qualified by that decision.

It is insisted, however, that in both the *Aspen* and the *Alton* cases, the questions which it was sought to review by direct appeal after the decision of the Circuit Court of Appeals had been, either expressly or by necessary implication, passed upon by that court and therefore were expressly foreclosed, while here such is not the case, since the constitutional question was not in the case when it went to the Circuit Court of Appeals, but only made its appearance by an amendment to the pleadings after the decision of that court. Granting the premise upon which the argument rests, the deduction is unfounded. The ruling in both the *Aspen* and *Alton* cases rested upon the plain ground of the duty of this court not to exert a power not conferred, of the impossibility of proceeding upon the theory that error could be said to have been committed by the trial court because it had applied the decision of the Circuit Court of Appeals or of maintaining the right to the direct appeal which was relied upon in those cases consistently with the power of the Circuit Court of Appeals, not only to decide questions within its jurisdiction, but moreover to determine whether, when in a particular case it had decided such questions and remanded the case

in which they had been decided to a trial court for further proceedings that court had in such further proceedings given due effect to its decision. Indeed these considerations were expounded in the *Metropolitan Case*, and it was there pointed out that the attempt to make a distinction upon the mere form of the mandate was without merit (p. 523). Looked at *arguendo*, however, as a matter of first impression, the source of the error which the proposition here relied upon involves is not difficult to perceive. It consists in pursuing a mistaken avenue of approach to this court; that is, of coming directly from a trial court in a case where, by reason of the cause having been previously decided by the Circuit Court of Appeals, the way to that court should have been pursued even if it was proposed to ultimately bring the case here. The error comes from attempting, after the case has been taken to the Circuit Court of Appeals and been there decided, to resort to proceedings for review which under the statute are applicable only in case no such action by the Circuit Court of Appeals had been taken. A consideration of the confusion which inevitably would result if the doctrine of the *Metropolitan, Alton* and *Aspen* cases were not applied, of the necessity which would arise for denying powers conferred upon the Circuit Court of Appeals by the statute and of calling into play a power of review by this court not given, clearly demonstrates the error of the right to direct appeal here insisted upon. And the correctness of the rule announced in the *Aspen Case* and which was reiterated in the *Alton* and *Metropolitan* cases, which we again now apply, is shown by the complete concordance between all of the provisions of the statute which will be brought about by its application.

                    *Dismissed for want of jurisdiction.*


Mr. Justice Pitney took no part in the decision of this case.