**Norma POLLARD, Plaintiff-Appellant,**

v.

**Danny HILL, Defendant-Respondent.**

**No. 33379.**

St. Louis Court of Appeals.

Missouri.

Nov. 18, 1969.

James F. Koester, St. Louis, David G. Dempsey, Clayton, for plaintiff-appellant.

Evans & Dixon, Henry D. Menghini, St. Louis, for defendant-respondent.

BRADY, Judge.

Plaintiff received a jury verdict in the sum of $4,000.00 for injuries sustained as a result of tripping over a cardboard box full of anti-freeze while a business invitee of defendant who operated a service station. In addition to denial of the allegations of the petition, defendant's answer raised the issue of plaintiff's contributory negligence. The trial court sustained defendant's after-trial motion for judgment in accordance with his motion for directed verdict and entered judgment in favor of defendant on the grounds he was not negligent inasmuch as the box was an open and obvious condition and that plaintiff was contributorially negligent as a matter of law in failing to observe the box prior to her fall. Plaintiff appeals.

It should first be stated that this is not a case involving insufficient lighting as plaintiff herself testified there was adequate lighting to enable her to see. It is also uncontroverted the box over which she tripped was of a different color and

contrasted sharply from the color of the floor on which it sat and the wall against which it was placed.

Plaintiff's testimony was that she had stopped at this service station between 3:00 and 4:00 in the afternoon in order to purchase some soda and cigarettes. Defendant sold a variety of merchandise in addition to gasoline and plaintiff, who had stopped there off and on for about a year, was familiar with this fact and familiar with defendant's habit of displaying merchandise inside; but, except for "Soda cases and oil and things like that", she did not remember displays being placed outside the office. On this particular occasion plaintiff parked her automobile to the left (as one faces it) side of the building. The door is approximately in the middle of the building. Where she parked was also to the left of the soda machine. She got out of the car, walked toward the soda machine, hesitated there to look at her change, and then went on to the door and into the building to get change and cigarettes. As she did so she walked between the front wall of the building and a line of displays, and toward the box. Along the front wall of the building there was a line of soda cases but she did not remember if these soda cases were "anywhere close to that box or close to the door". She testified that if they were not then the soda cases wouldn't have prevented her from seeing the box. The door was hinged on the left and opens into the building. Since it was hinged on the left she walked over to the right side of the door to push on it so that it would open. After securing her change and cigarettes she prepared to leave and upon doing so tripped and fell over a cardboard box containing gallon cans of antifreeze which had been placed there by defendant in the morning of that same day. This box was placed immediately to the right of the door as she faced it to leave. Its east side was against the front wall except for the four to six inches protruding into the doorway, and its south side

faced the pathway covered with carpet or some similar material leading to the door. She stated the reason she did not walk immediately next to the box to get to the door was because she entered the door closer to its right side. There is no evidence as to how long she was in the building. As she left she was carrying her cigarettes and change in her left hand. She opened the door part way with her right hand—it opened inwardly—and put her back against it to keep the automatic closing device from closing the door thus pushing her forward. Her testimony was she was familiar with this self-closing device and on that occasion the door closer did not operate with any more difficulty or force than on any prior day. Her further testimony was that she was looking straight out in front of her and was watching where she was walking. She was being careful because she knew there were "things out there on the pad" although she didn't know specifically of the box. She knew she was going to make a right turn upon coming out of the door in order to go back to the soda machine. She took "a couple steps" (in another place she testified to two steps) inside the building and then upon taking her first step out of the building struck the box with her right leg and fell. She struck the south side of the box, that side to her right as she came out the doorway. She did not see the box at any time before her fall but it was clearly visible to her afterwards. Plaintiff's counsel developed testimony showing the door had a panel which extended a foot and a half from the bottom toward the top before the glass portion began. According to her testimony the box was six to eight inches high and so she could not see the box while she was in the building and the door was closed, but there was nothing to prevent her from seeing the box after she opened the door.

It is too well settled to require supporting citation of authority that the trial court was jusified in sustaining defendant's

after-trial motion for judgment in accordance with his motion for directed verdict only if reasonable minds could not draw different conclusions as to defendant's negligence or plaintiff's contributory negligence from the facts of this case. Otherwise the jury's verdict should stand and the trial court must be reversed.

Taken in the light most favorable to plaintiff, the evidence establishes the following circumstances: Plaintiff walked from the soda machines toward the box. If there had been soda cases placed close to the box they would have prevented her from seeing it, but her testimony was she did not remember any soda cases being so located. She entered the very door to the right of which the box was placed and into the doorway in which the box extended four to six inches. She thus walked past the west side of the box she did not see, turned to her left at its southwest corner and walked past the south side of this box, again without seeing it, and then entered the door. During all of this time so far as this record discloses the box was plainly visible. When she left she took two steps and with her third step tripped over the box which she had passed entering the building striking it upon its south side, the very side she walked by when she entered the door and the side which protruded four to six inches into the doorway.

■ While the trial court ruled that defendant was not negligent and plaintiff was contributorially negligent as a matter of law, it is obviously unnecessary to rule upon both issues. If either ruling is sustained then the trial court's action must be affirmed. We will therefore take plaintiff's case in its strongest position and assume, arguendo, defendant was negligent. We do so for the reason that, as will appear herein, we have determined plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff contends she was "momentarily distracted" by displays in and out of the building and thus was not contributorially negligent. The weakness of this argument is that the evidence simply does not establish any such diversion or distraction. To the contrary, plaintiff's own evidence was that she was being careful and she was watching where she was walking. There is no evidence that she was distracted by any of the displays or was even looking at them. Plaintiff also urges the door constituted a distraction. Again, her own evidence refutes the contention the door acted in any way unusual or different to the other occasions she had been in this building or that it in any way distracted her.

Plaintiff then contends the box was not within her normal range of vision as she left the office and so she cannot be held contributorially negligent. Again the evidence establishes to the contrary. The box could not be seen while the door was closed and she was inside the building but the box was of a contrasting color to the floor upon which it was placed and was clearly visible once she opened the door. It was not directly at her feet but was such a distance from her once she pulled the door forward to her that she could safely take two steps before tripping upon taking the third step. Plaintiff's testimony was that she was watching where she was walking.

It will serve no useful purpose to burden this opinion by a recitation and consideration of the myriad of cases involving falls both inside and outside a building by business invitees. The principles of law are well known. As in the instant appeal, the ultimate decision must depend upon the facts of each particular case. However, certain cases cited by plaintiff are worthy of note. In Harbourn v. Katz Drug Co., Mo., 318 S.W.2d 226, 74 A.L.R.2d 938, the evidence establishes that when the plaintiff turned from the locked set of doors toward a set unlocked, the scale over which he tripped was outside his normal range of vision and immediately at his

feet. As stated earlier, plaintiff's own evidence establishes that the box here involved was plainly visible and so far ahead of her that she took three steps before she tripped over it. She was watching where she was walking and so the box was within her range of vision. In Blackwell v. J. J. Newberry Co., Mo.App., 156 S.W.2d 14, the ladder over which the plaintiff tripped was partly concealed by the overhang of a counter. In Seigel v. Kroger Grocery & Baking Co., Mo.App., 164 S.W.2d 645, the evidence disclosed that a high stack of cartons cast a shadow on the wire basket over which plaintiff tripped. In the instant case there was nothing that in any way concealed this box from plaintiff's view either as she entered or as she left. Moreover, in Seigel the distraction of the plaintiff was clearly established. State ex rel. Elliott's Department Store Co. v. Haid, 330 Mo. 959, 51 S.W.2d 1015, is a case where both concealment and distraction were shown by the evidence. In that case the stairway down which that plaintiff fell was masked from that plaintiff's view by display cases and tables. In addition, the evidence was clear that when she fell she was looking at a display case so placed that a person walking by the stairway would have his attention drawn to it. In Stanfill v. Trading Post Co., Mo. App., 106 S.W.2d 952, the substance on the floor which caused plaintiff to slip and fall was not open and obvious, being the same color as the floor upon which it lay. In the instant case both parties agree that the circumstances are as shown by the exhibits which dramatically illustrate the difference in color and texture between the box, the floor upon which it rested, and the wall against which it was placed. In Cameron v. Small, Mo., 182 S.W.2d 565, plaintiff slipped upon an inclined ramp which had become so worn as to become slippery when it was wet and so exposed that it became wet. A careful reading of the opinion will show the case really stands for the proposition that even had plaintiff seen where she was going she would not have known of the danger and so it was not open and obvious.

■ Plaintiff in the instant appeal places her primary reliance upon Freeman v. Myron Green Cafeterias Co., Mo., 317 S.W.2d 303. In that case the plaintiff was removing her coat from the clothes tree on which she had placed it upon entering when the toe of her right shoe caught upon the protruding elevated leg of the clothes tree and caused her to fall. The opinion states that the leg of the clothes tree was of the same dark color as the linoleum square upon which it rested. However, there is another reason why Freeman does not compel a decision in favor of plaintiff. It is that only three judges of the Supreme Court concurred in the opinion. Another judge arrived at the same result in a separate opinion but upon a different ground; i. e., that an instruction was prejudicially erroneous. The rest of the court dissented. It follows that while the opinion disposes of the case, what was said therein is not controlling law upon this court. O'Hara v. Lamb Const. Co., 200 Mo.App. 292, 206 S.W. 253[3]; Westhus v. Union Trust Co. of St. Louis, 168 F. 617, 94 C.C.A. 95, denying rehearing 164 F. 795, 90 C.C.A. 441, error dismissed 228 U.S. 519, 33 S.Ct. 593, 57 L.Ed. 947; see also cases collected in Mo.Digest, Courts, ☞91.

While the cause of plaintiff's fall is different in the instant appeal than it was in Mullen v. Sensenbrenner Mercantile Co., Mo., 260 S.W. 982, 33 A.L.R. 176, that case is analogous. The only difference between the cases is that in Sensenbrenner as she entered the building the plaintiff actually saw the condition that caused her to fall when she came out; while in the instant appeal plaintiff did not see the box. However, in the instant appeal it was in plain view and she walked by two sides of it in entering the building and she should have seen it. There can be no doubt that where a duty to look exists the failure to see what

is clearly visible constitutes contributory negligence as a matter of law. Harbourn v. Katz Drug Co., supra, and cases cited in that opinion at 318 S.W.2d l. c. 231. See also Hurst v. Chase Hotel, Inc., Mo. App., 421 S.W.2d 532; and other cases cited Mo.Digest, Negligence, ⊜67.

■ Plaintiff places some reliance upon her right to presume the entry way was clear thus seeking to avoid the consequences of her failure to see what was clearly visible by claiming that she was under no duty to look. There are at least three answers to this contention. The first is that while such a presumption does exist the law is that after plaintiff had or should have had notice of the existence of the box the presumption disappears. As was stated in Mullen v. Sensenbrenner Mercantile Co., supra, at l. c. [6] 985: "* * * a pedestrian may presume the way is clear, yet, after notice of any such defect, he is guilty of contributory negligence, if he shortly afterwards fails to look out for such defect in his pathway, and is injured thereby. (Citing cases)" The second answer to this contention is that plaintiff herself testified she was looking where she was walking. The third is that plaintiff did not fall over that portion of the box in the pathway. Only after she turned to leave the pathway did she hit the box and fall. It should be noted that in Sensenbrenner plaintiff stayed in the store for about twenty minutes before she was injured upon leaving whereas in the instant appeal the only fair reading of the evidence, even taking plaintiff's strongest case, is that she was in the building only for a minute or two.

The trial court's action sustaining defendant's after-trial motion for judgment in accordance with its motion for directed verdict was proper and the judgment thus entered is affirmed.

WOLFE, P. J., and DOWD, J., concur.