Leona BURKE and Leona Burke, Adminis-
tratrix of the Estate of James J. Burke,
Deceased, Plaintiffs-Respondents,

v.

COCA–COLA BOTTLING COMPANY OF
ST. LOUIS, Defendant-Appellant.

No. 33577.

St. Louis Court of Appeals,
Missouri.

July 28, 1970.

Carter, Bull, Baer, Presberg & Lee, Rich-
ard O. Funsch, St. Louis, for defendant-
appellant.

Warren Grauel, Charles Sarkisian, Ellis
Gregory, Jr., St. Louis, for plaintiffs-re-
spondents.

SMITH, Commissioner.

Defendant appeals from the action of
the trial court in granting plaintiff-wife's
motion for new trial on the issue of dam-
ages only and in denying defendant's mo-
tion to set aside the verdict and enter
judgment for defendant. The jury re-
turned a verdict of $500 in favor of plain-
tiff, Leona Burke, and $500 in favor of

her husband for his expenses and loss of consortium, arising from injuries sustained by the wife when she tripped over soda cases placed in front of a door by defendant's employee.

Defendant makes no challenge here to the sufficiency of the evidence to establish defendant's negligence, but seeks judgment on the basis that plaintiff-wife was guilty of contributory negligence as a matter of law. It also challenges the granting of the new trial to the wife on damages alone as an abuse of discretion by the trial court. We, of course, review the evidence in the light most favorable to plaintiffs.

The accident occurred on the business premises of the husband where the wife also worked. The premises housed a type-writer sales and repair shop. It contained a front section in which the business features of the operation were conducted and a rear section where repairs and storage were handled. The accident occurred in the rear in a passageway leading to the back door of the shop. The wife left the shop at 10:00 a. m. on Friday by the rear entrance to go to the beauty shop. She returned at 11:30 a. m. by the rear entrance and upon entering tripped over two soda cases stacked near the rear door by defendant's employee.

Defendant's deliveryman would normally come to the shop on Fridays to replenish the supply of soda in the shop. This delivery was usually made sometime during the day Friday, but not at any particular time. On occasions the delivery would not occur on Friday, but might be some day the following week. Upon arriving at the shop defendant's employee would determine how many cases of soda were needed, and would remove the empty cases from the storage shelf. If one case was needed the employee would take the empty case immediately to the truck and return with the full case and place it on the shelf. If two cases were needed the employee would remove the empty cases from the shelf, stack them on the floor, return to the truck for the full cases which would be brought on a dolly, place the full cases on the shelf and remove the empties. The latter is what occurred on the date of the accident. There was testimony that the husband had requested the deliveryman not to place the empties in the passageway as it was used by customers and servicemen to bring in and remove typewriters. Plaintiff-wife denied any knowledge of the practice of leaving empty cases on the floor in front of the rear door.

On the occasion in question, plaintiff-wife was unaware the defendant's employee had arrived during her absence. Upon returning to the shop she opened the rear door, which opened inwardly with the hinges to her right, stepped inside, turned slightly to close the door, took one step while closing the door and fell over the stacked empties, sustaining a fracture of the proximal end of the right humerus. The light in the passageway was good, the soda cases contrasted in color with the floor and there is no indication that Mrs. Burke could not have seen the cases had she looked. The cases were within a few inches of the opened door and directly in front of the door opening.

■ Defendant bases its claim of contributory negligence as a matter of law on the following testimony of the plaintiff-wife:

"Q And when you came in that day did you look down at the floor at any time?

"A No, I didn't look down at the floor.

"Q You were not looking where you were walking?

"A I never look down at the floor because that place is always clear.

"Q At any time prior to the time that you fell over these cases did you see them?

"A No, sir.

"Q Did you look to see if they were there?

"A No, sir, I didn't look to see."

This testimony does not establish contributory negligence as a matter of law. This is not a case where a plaintiff looked and failed to see what was clearly observable as in Pollard v. Hill, Mo.App., 447 S.W.2d 777. Nor is this a case where the danger is so open and obvious that the owner is not negligent in failing to warn his invitee as in McClure v. Koch, Mo. App., 433 S.W.2d 589; Hurst v. Chase Hotel, Inc., Mo.App., 421 S.W.2d 532; Ecker v. Big Bend Bank, Mo.App., 407 S.W.2d 45. Nor does it fit under the theory of Drury v. City of St. Louis, Mo., 367 S.W. 2d 494, where plaintiff was guilty of contributory negligence as a matter of law in trying to jump from a sidewalk across a parkway into a street without looking where he was jumping from, what he was jumping across and where he was landing. Rather this case falls under the doctrine stated in State ex rel. Elliott's Department Store Co. v. Haid, 330 Mo. 959, 51 S.W.2d 1015:

"That as a general rule negligence is not imputable to a person for failure to look out for a danger when, under the surrounding circumstances, he has no reason to suspect that danger is to be apprehended or when it exists only through negligence of another, * * *." (51 S. W.2d l. c. 1017).

See also Louisville & N. R. Co. v. Beatrice Foods Co., Mo.App., 250 S.W.2d 825; Murphy v. S. S. Kresge Co., Mo.App., 239 S.W.2d 573; Melton v. ACF Industries, Inc., Mo.App., 404 S.W.2d 772.

Here a jury could properly conclude that Mrs. Burke had no reason to apprehend danger and that the only reason danger existed was the negligence of defendant's employee. When she left the shop the passageway was clear; she had no prior knowledge that defendant's employee was wont to stack empties in front of the door;

she knew that the door was used by customers, employees and by defendant's employees carrying heavy objects and was therefore kept clear of obstructions; she testified that it was always clear; she did not know the defendant's employees were there. Additionally, this was an area with which she was thoroughly familiar as she was also familiar with the policy of keeping the area free of obstructions. Whether under all of these circumstances Mrs. Burke was guilty of contributory negligence in failing to look at the floor when she entered the premises was a question of fact for the jury. The court correctly denied defendant's motion for judgment in accord with its motion for directed verdict.

■ Nor did the trial court abuse its discretion in ordering a new trial on the issue of damages alone. It has been consistently held that the award of a new trial because of inadequacy of the verdict is a discretionary action by the trial court, not subject to review except on an abuse of discretion. Williams v. Kansas City, Mo., 274 S.W.2d 261 [2]. Defendant does not contend that the award is adequate but rather invokes the doctrine that if the award is grossly inadequate such fact constitutes convincing evidence that the jury was actuated by bias, prejudice, or other misconduct and new trial must be had on all issues. Artstein v. Pallo, Mo., 388 S. W.2d 877; Taylor v. St. Louis Public Service Co., Mo., 303 S.W.2d 608; Davis v. City of Mountain View, Mo.App., 247 S.W.2d 539. The award here, defendant contends, is so grossly inadequate as to show misconduct of the jury. We do not agree.

We hold rather that this case falls under the doctrine that where substantial but still inadequate damages are awarded, a trial court may properly grant a new trial on the issue of damages alone. See Friedman v. Brandes, Mo., 439 S.W.2d 490; Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73; Williams v. Kansas City, supra. The motion for new trial of plaintiff-wife was

based solely on inadequacy because the verdict was contrary to the weight of the evidence, and the motion made no reference to gross inadequacy or misconduct of the jury. The trial court granted this motion without in any way indicating that the award was grossly inadequate or the result of misconduct. There was no attempt to show actual misconduct of the jury, and the sole basis of defendant's claim of misconduct is the amount of the verdict.

Mrs. Burke received no salary for her work and her expenses resulting from the injury were recovered under her husband's claim. She had had substantial health problems before the accident including restriction in movement of the injured arm; she had made a good recovery to the point where she had better use of her arm after the accident than before; she presented no evidence of, or instruction covering, future damages. Under these circumstances we cannot conclude that the amount awarded was the result of compromise on the issue of liability or was the product of any other jury misconduct. The amount awarded was substantial, exceeded Mrs. Burke's special damages, and may simply reflect this jury's honest evaluation of the damages she sustained from the fall. The trial court did not abuse its discretion in awarding a new trial on the issue of damages only.

The order denying defendant's motion for judgment and granting plaintiff Leona Burke's motion for new trial on the issue of damages only is affirmed, and the cause is remanded. The judgment in favor of James J. Burke (now Leona Burke as his administratrix) and against defendant is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the order denying defendant's motion for judgment and granting plaintiff Leona Burke's motion for new trial on the issue of damages only is affirmed, and the cause is remanded. The judgment in favor of James J. Burke (now Leona Burke as his administratrix) and against defendant is affirmed.

WOLFE, P. J., and BRADY, and DOWD, JJ., concur.