## BROWN *v.* ALTON WATER COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ILLINOIS.

No. 75. Argued December 4, 5, 1911.—Decided January 9, 1912.

This court may not by indirection do that which it cannot do directly;
and cannot, therefore, review on direct appeal a judgment of the
Circuit Court on the question of jurisdiction based on a decision of
the Circuit Court of Appeals which it was the imperative duty of
the Circuit Court to follow, and which is not, and cannot be, before
this court for review by appeal.

Where the Circuit Court dismisses for want of jurisdiction, and the
Circuit Court of Appeals does not deem the question of jurisdiction
should be certified to this court but reverses and remands with di-
rections to take jurisdiction, and this court refuses certiorari, a direct
appeal will not lie to this court from the judgment of the Circuit
Court based on the decision of the Circuit Court of Appeals which
it was the imperative duty of the Circuit Court to follow.

The Judiciary Act of 1891 affords by one method or the other an op-
portunity for review by this court of every judgment or decree of a
lower court which the Judiciary Act contemplated should be re-
viewed by this court.

THE facts, which involve the jurisdiction of this court
over direct appeals from the Circuit Court, are stated in
the opinion.

*Mr. Elijah N. Zoline* and *Mr. James Hamilton Lewis*
for appellants.

*Mr. William Burry,* with whom *Mr. Levi Davis* and
*Mr. F. B. Johnstone* were on the brief, for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of
the court.

In view of the fact that our interposition was vainly
sought at one or the other stage of this protracted litiga-

tion, we shall state the history of the controversy more fully than perhaps we would otherwise do.

In 1901 the New England Water Company owned and operated a water plant at Alton, Illinois. This plant was acquired from the Alton Water Works Company. In October, 1901, the United Water Works Company filed in a court of the State of Illinois a creditor's bill against the New England Water Company and the Farmers' Loan & Trust Company, trustee under a mortgage covering the plant of the Water Works Company. Other parties and corporations, because of their asserted claims in or to the property, were joined as defendants.

The Farmers' Loan & Trust Company not only appeared in the cause, but in the same court filed a bill to foreclose its mortgage. Among those made defendants to this bill were a corporation known as the Boston Water & Light Company and the International Trust Company. The Boston Company was made a defendant on the ground that it asserted some claim to a portion of the property which the complainant insisted was covered by the mortgage sought to be foreclosed as a result of an after-acquired property clause contained in that mortgage. The International Trust Company was made a defendant as trustee of a mortgage executed in favor of that company by the Boston Company, embracing the property which the bill averred was covered by the prior mortgage in favor of the Farmers' Loan & Trust Company.

The causes were consolidated and a receiver was appointed. The Boston Water & Light Company, asserting a separable controversy, removed the consolidated cause to the Circuit Court of the United States for the Southern District of Illinois, and that court overruled a motion to remand. The International Trust Company answered and contested the claim made in the bill that the property mortgaged to it was covered by the mortgage of the Farmers' Loan & Trust Company.

The Circuit Court entered a final decree on December 23, 1903. By that decree the operation of the mortgage in favor of the Farmers' Loan & Trust Company as charged in the bill was recognized and the priorities of the respective liens upon the property were fixed. While the lien of the mortgage in favor of the International Trust Company, as trustee, was recognized, it was decreed to be subordinate to the prior mortgage to the Farmers' Loan & Trust Company. The decree contained the usual provisions fixing the amount due, directing payment, ordering a sale upon default in payment, and barring all parties and their privies.

The Circuit Court of Appeals, on an appeal taken by the International Trust Company and others, finally disposed of the case. The removal was sustained, and it was held that by the after-acquired property clause in the mortgage of the Farmers' Loan & Trust Company, that mortgage embraced the property covered by the mortgage in favor of the International Trust Company as trustee. 136 Fed. Rep. 521. A writ of certiorari was refused by this court on April 3, 1905. *Boston Water & Light Co.* v. *Farmers' Loan & Trust Co., Trustee, et al.*, and *New England Water Works Co. et al.* v. *Farmers' Loan & Trust Co., Trustee, et al.*, 197 U. S. 622.

A sale under the decree of foreclosure took place, the property bringing about enough to satisfy the mortgage in favor of the Farmers' Loan & Trust Company. Pending a motion to confirm this sale, certain parties, the same who are now appellants, alleging themselves to be holders of bonds secured by the mortgage of the International Trust Company, objected to the confirmation of the sale, on the ground that the property embraced in the mortgage to the International Trust Company was not covered by the mortgage of the Farmers' Loan & Trust Company. It was alleged that the persons appearing were not privies to the foreclosure proceedings and the decree en-

tered therein, because they had not been made parties
*eo nomine*, and were not represented by the International
Trust Company, as the powers conferred upon that cor-
poration by the deed of trust did not give authority to
represent the bondholders. The objections were stricken
from the files, and the sale was confirmed. Among other
things, the order of confirmation enjoined all parties to
the suit and all persons claiming through or under them,
their attorneys, solicitors, etc., "from setting up any pre-
tended or alleged title against the title of the purchasers."
A question as to the distribution of the proceeds among
coupon holders was subsequently reviewed in the Circuit
Court of Appeals. 137 Fed. Rep. 729.

The present appellee, the Alton Water Company, be-
came the owner of the property sold under the decree in
foreclosure. Subsequently the present appellants, as hold-
ers of bonds secured by the mortgage to the Interna-
tional Trust Company, and the same persons who had
objected to the confirmation of the sale, treating the prior
foreclosure proceedings as to them as non-existing, com-
menced in a state court a suit to foreclose the mortgage
in favor of the International Trust Company. The Inter-
national Trust Company, the Boston Water & Light
Company, the Alton Water Works Company, the Alton
Water Company, as one in possession of the property, as
well as other bondholders, various alleged lien holders
and adverse claimants, were made parties. As stated by
both parties in argument, persons who were interested in
maintaining the decree in the prior foreclosure proceed-
ings, asked a commitment for contempt against the at-
torney who appeared for the complainants in the suit in
the state court, and under the stress of a commitment for
contempt the proceedings in the state court were dis-
continued. The commitment was, however, set aside by
the Circuit Court of Appeals, 154 Fed. Rep. 273, and a
petition for a writ of certiorari to review the order of

reversal was denied by this court. *Peck* v. *Lewis*, 207 U. S. 593.

Following the decision last referred to, appellants re-filed their foreclosure bill in the state court. The Alton Water Company thereupon filed in the court below the bill which is now before us as ancillary to the bill filed in the original foreclosure suit, invoking the authority of the court in virtue of the jurisdiction acquired in the fore-closure proceedings, to protect as between the parties to such suit the rights acquired under the foreclosure sale. The bill only prayed that the further prosecution in the state court be enjoined. The defendants were those who were asserting the right as bondholders under the International Trust Company mortgage to foreclose in the state court and their attorneys. Each of such defendants separately filed a general demurrer, and each also specially demurred on the ground that the court was "without jurisdiction, both over the subject-matter and parties to the suit," and that the bill was not an ancillary bill, as it appeared on its face that the defendant was not a party to the prior foreclosure proceedings. The demurrers were sustained and the bill was dismissed "for want of jurisdiction."

The Circuit Court of Appeals reversed this decree, and held that the persons who, as alleged bondholders, were complainants in the foreclosure suit in the state court, had been fully represented in the prior foreclosure by the International Trust Company, and therefore that such persons were parties and privies to the prior decree, and their rights were concluded thereby. Upon this basis it was expressly decided that the bill did not invoke the power of the court as a matter of original jurisdiction, but was, in its essence, purely ancillary, since it only sought the aid of the court to uphold a jurisdiction previously acquired, and to enforce and protect an authority previously exerted. In thus enforcing its prior decree it was pointed

out there was no room for saying that the original juris-
diction and power of the court as a Federal court was in-
volved, upon the theory that the defendants had not been
brought in by proper process, since there was no contro-
versy on that subject. It was moreover held that upon the
premises stated none of the grounds of demurrer raised
any controversy as to the general power of the court under
the laws of the United States to administer the relief
prayed, but simply called in question the right of the court
as a matter of chancery practice, to afford relief in the
mode and manner asked. The court decided that the case
was one properly within its appellate cognizance, and was
not within the category of cases susceptible of being
brought directly to this court from a circuit court as in-
volving the jurisdiction and authority of the circuit court
as a Federal court. 166 Fed. Rep. 840. A petition for
certiorari to review this action of the court was denied on
January 11, 1909. *Lewis* v. *Alton Water Co.*, 212 U. S.
581.

Several months after the filing of the mandate of the
Circuit Court of Appeals reversing the decree of dismissal,
the cause was heard upon bill and answer and upon the
default of certain defendants. A decree was entered per-
petually enjoining the prosecution of the cause in the
state court and prohibiting any attempt in the future to
foreclose the mortgage to the International Trust Com-
pany. Thereupon the court allowed the direct appeal
which is now before us. At the time of granting the ap-
peal there was filed among the papers in the cause a
certificate signed by the presiding judge in which in sub-
stance it was recited that when the case came on for hear-
ing the answering defendants challenged the jurisdiction
of the court as a Federal court to hear and determine the
cause, and that the objection was overruled and exception
taken. It was further recited that at the close of the hear-
ing the defendants excepted to the ruling "that the facts

stated in the answers do not constitute a sufficient defense in law to the cause of action of the complainants, and that no constitutional guarantees or privileges of the defendants as set forth in their answers were violated by the entering of the decree set forth in the bill and answer, and that the defendants were not deprived of their property without due process of law in violation of the Federal Constitution."

It is plain that our right to review depends on the existence of a question of jurisdiction subject, under the Judiciary Act of 1891, to be brought here directly from a circuit court. The case reduces itself to this, since the matters of constitutional right to which the court refers in its certificate are not independent, but are involved in and subordinate to the question of jurisdiction, and hence will be disposed of by deciding that issue.

It is not disputable that the action of the court below on the question of jurisdiction was the necessary result of the decision of the Circuit Court of Appeals, since it was the imperative duty of the Circuit Court to give effect to that decision. As consequently it will be impossible to reverse for error the action of the Circuit Court without reversing the foundation upon which the action of that court rested, that is, the dominant decree of the Circuit Court of Appeals, it must result that the decree can only be reversed by reviewing and reversing the decree of the Circuit Court of Appeals. That decree, however, not being before us, and moreover as the statute gives no power to this court to review a decree of a Circuit Court of Appeals merely because of the existence of a question of jurisdiction, it comes to pass that we may not by indirection do that which we cannot do directly, and hence the decree of the Circuit Court, under the conditions here existing, is not susceptible of being reviewed.

The fundamental mistake which underlies the argument by which it is sought to sustain the right to a direct

review consists in failing to distinguish between the mere
methods of review provided by the act of 1891, and the
distribution made by that act of original and appellate
judicial power. More immediately the fault of the argu-
ment consists in disregarding the duty of the Circuit Court
to apply the law of the case arising from the decision of the
Circuit Court of Appeals, an error hitherto pointed out in
*Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31.
That case involved an unsuccessful attempt to obtain a
review in this court of a judgment of a circuit court en-
tered in compliance with a mandate of the Circuit Court
of Appeals to which the case had been previously taken.
In denying the right to review under the circumstances the
court said (p. 37):

"That court (the Circuit Court of Appeals) took juris-
diction, passed upon the case, and determined by its judg-
ment that the appeal had been properly taken. If error
was committed in so doing, it is not for the Circuit Court
to pass upon that question. The Circuit Court could not
do otherwise than carry out the mandate from the Court
of Appeals, and could not refuse to do so on the ground of
want of jurisdiction in itself or in the appellate court."

But the proposition insisted upon virtually is that this
ruling is inapplicable here, since this case involves a ques-
tion of jurisdiction directly reviewable in this court under
the act of 1891. The reasoning sustaining this assumption
is as follows: As, it is said, the decision of the Circuit Court
was in favor of the defendants, and, therefore, no occasion
arose to seek a review of the question of jurisdiction until
the decree of the Circuit Court of Appeals, unless it be
held that the right exists to review the action of the
Circuit Court, it will arise that the right of direct review
of the jurisdictional questions, which it was the purpose
of the act of 1891 to confer upon this court, will be lost
in many cases and thus the purpose of the statute be
frustrated. This, however, as already pointed out, in

a changed form of statement involves confounding the
remedial processes created by the act of 1891, with the
distribution of jurisdiction made by that act.   True it is
that the act confers authority to directly review the classes
of jurisdictional questions which the act contemplates.
True, also, it is that the act does not deprive judgments of
the Circuit Courts of Appeals of their final character and
open them to review in this court because alone of the
presence of a jurisdictional question susceptible of being
reviewed directly from a Circuit Court.   But this affords
no reason for the exertion of an appellate power not con-
ferred by the act, nor does it justify the assumption that
the power of this court to review in such a case would be
wanting.   On the contrary, as pointed out long ago by
this court the remedial processes which the statute of 1891
creates when rightly understood are adequate, by one
method or the other, to afford ample opportunity for a
review by this court of every judgment or decree of a
lower court which the statute contemplated should be
reviewed and revised by this court.   *Robinson* v. *Caldwell*,
165 U. S. 359.   Thus, as the case cited points out, if a
question of jurisdiction which would be directly reviewable
in this court if arising in the Circuit Court, should de-
velop or require decision for the first time in the Circuit
Courts of Appeals, the power to certify to this court would
afford ample means to obtain a review by this court of
such question.   And if that right in such a case should not
be exerted by the Circuit Court of Appeals, the discre-
tionary right to allow the writ of certiorari which the act
confers would afford a complete means of securing, in the
fullest degree, the results contemplated by the act.   It
is, of course, an obvious misconception to indulge in the
assumption that it was the duty of the Circuit Court of
Appeals to have certified the question of jurisdiction, since
the opinion of that court shows that it deemed the case
would not have justified a direct appeal to this court had

the question of jurisdiction arisen primarily in the Circuit Court. The fact that after the decision of the Circuit Court of Appeals a petition for certiorari was considered and by this court denied makes it certain that there was opportunity by this court to revise the action of the Circuit Court of Appeals.

As it follows that we have no jurisdiction to review by direct appeal the action of the Circuit Court in giving effect to the decision of the Circuit Court of Appeals, it results that the appeal must be dismissed.

*Appeal dismissed.*