## SHAPIRO *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ILLINOIS.

No. 93. Argued December 3, 4, 1914.—Decided December 14, 1914.

In a case remanded to it by the Circuit Court of Appeals, the District
Court must apply the principles laid down in the decision for its
guidance; and if the mandate required it to reject a plea of *nolo contendere*
on the only counts on which the Government stood and to
proceed with the case, it must, in obedience to the mandate, set aside
the plea.

This court cannot reverse the ruling of the Circuit Court of Appeals
upon a writ of error to the District Court which acted upon the mandate
even though new constitutional questions were raised in the
District Court after the case had been remanded. *Union Trust Co.*
v. *Westhus,* 228 U. S. 519.

This court cannot take a case in fragments and, if reviewable on direct
writ of error, by reason of the presence of a constitutional question,
the whole case must come here.

There is ample opportunity for a review by this court of every judgment
or decree of a lower court contemplated by the act of 1891 (now embodied
in the Judicial Code); but, in the distribution of jurisdiction,
this court is not authorized to review a judgment or decree of the
Circuit Court of Appeals otherwise than by proceedings addressed
to that court. *Brown* v. *Alton Water Co.,* 222 U. S. 325.

THE facts, which involve the jurisdiction of this court
to directly review the judgment of the District Court in a
case in which that court acted in accordance with the
mandate of the Circuit Court of Appeals, are stated in
the opinion.

*Mr. Elijah N. Zoline* for plaintiff in error.

*Mr. Assistant Attorney General Wallace,* with whom *The
Solicitor General* was on the brief, for the United States.

MR. JUSTICE HUGHES delivered the opinion of the court.

On June 21, 1910, David Shapiro—the plaintiff in error—was indicted for violation of the Internal Revenue Laws. The indictment contained thirteen counts. Eleven charged offenses punishable by both fine and imprisonment; one (the tenth) was for an offense punishable by fine only; and one (the thirteenth) was for an offense punishable by fine or imprisonment, or both.[1] On June 24, 1910, the plaintiff in error pleaded 'not guilty' to every count; on January 3, 1911, 'by leave of court first had and obtained,' he withdrew this plea, and, being then arraigned upon the indictment, he pleaded '*nolo contendere* thereto'; on January 20, 1911, the United States entered a *nolle prosequi* as to all the counts, save those numbered 4, 9 and 12, each of which charged a felony (Crim. Code, § 335); later, on the same day, the cause 'coming on to be heard on defendant's plea of *nolo contendere*,' the court 'having heard the evidence by the parties adduced and statements of counsel' took the cause under advisement; and on January 23, 1911, the court being fully advised found the defendant guilty as charged in the indictment, and upon this finding sentenced him to imprisonment for two years and to pay a fine in the sum of $10,000 in addition to costs.

Shapiro sued out a writ of error from the Circuit Court of Appeals, assigning as errors (1) that the District Court had no jurisdiction to pass judgment in this case on a plea of *nolo contendere;* (2) that it erred in sentencing him without a trial by jury; (3) that by the judgment he had been deprived of his liberty without due process of law, within

---

[1] Counts 1, 2, 3 and 4 charged a violation of § 3296 of the Revised Statutes; counts 5, 6, 7 and 8, of § 3317, amended by Act of March 1, 1879, c. 125, § 5, 20 Stat. 327, 339; count 9, of § 3318; count 11, of § 3326; count 12, of § 3324; and count 13, of § 3455.

Count 10 charged a violation of the act of July 16, 1892, c. 196, 27 Stat. 183, 200. See Rev. Stat., § 3456.

the meaning of the Fifth Amendment; and (4) that the
sentence was excessive and should be limited to a fine only.
The Circuit Court of Appeals reversed the judgment.
196 Fed. Rep. 268. The grounds of the reversal are set
forth in its opinion in *Tucker* v. *United States*, 196 Fed.
Rep. 260,—a case, decided at the same time, which the
court deemed to be similar in all material respects. It
was held that the plea of *nolo contendere* was not authorized
in the case of an offense which must be punished by im-
prisonment, with or without a fine; that where counts
charging offenses which must be punished by imprison-
ment are joined with counts charging those which may be
punished by fine only, the plea may be entertained as 'in
the nature of a compromise'; and that in such case it is
'within the authority of the prosecuting officer to elect to
stand, for the purposes of the plea, on the counts ap-
plicable thereto,' and it is 'within the jurisdiction of the
court to approve such submission.' It was further held
that in the particular case the proceedings and judgment
were in derogation of the plea; that it did not appear in
the record that the plea was either 'accepted in fact' or
'substantially so treated'; that the proceedings leading
to the judgment, the adjudication of guilt, and the judg-
ment itself in its sentence of imprisonment, were incon-
sistent with the acceptance of the plea; and hence that the
record failed to show an authorized plea to support the
judgment. *Id.*, pp. 267, 268. The cause was remanded
'with direction either to accept or refuse acceptance of the
*nolo contendere* plea as tendered, and proceed thereupon
in conformity with law.'

  Thereupon, the District Court, against the exception of
the plaintiff in error, refused to accept the plea of *nolo con-
tendere* tendered by him and directed him to plead to the
indictment; he stood mute, and the court entered for him
a plea of not guilty. Subsequently, by leave of the court,
the plaintiff in error filed three special pleas. The first

plea, in substance, set forth the prior proceedings and alleged that the plea of *nolo contendere* had been duly accepted, that the court acting thereon had heard evidence solely for the purpose of fixing the punishment to be imposed, and that therefore he had been once before in jeopardy for the same offense and ought not, by virtue of the protection guaranteed by the Fifth Amendment, to be further prosecuted. The second special plea set forth that the defendant had compromised the civil and criminal liability with the Commissioner of Internal Revenue. And the third special plea urged that, while the writ of error was pending in the Circuit Court of Appeals, the original order of supersedeas had been modified so as to permit the judgment to be enforced as to the fine, that thereupon the United States had procured to be seized a certain draft for $5,000 in partial satisfaction of the fine, and that it followed under the Fifth Amendment that, the judgment having been satisfied in part, the plaintiff in error could not be tried again upon the same indictment.

Meanwhile, the plaintiff in error moved in the District Court to correct the record so as to have it show that the plea of *nolo contendere* had been accepted, and petitioned the Circuit Court of Appeals to release its mandate in order that the correction might be made. This petition was denied and the motion in the District Court was not pressed.

The Government demurred to each of the three special pleas and the District Court, sustaining the demurrers, proceeded to trial. The jury rendered a verdict of guilty, motions for a new trial and in arrest were overruled, and the plaintiff in error was sentenced to imprisonment for two years and to pay a fine of $5,000. The case is now brought directly to this court.

The motion to dismiss must be granted. *Aspen Mining Co.* v. *Billings,* 150 U. S. 31; *Brown* v. *Alton Water Co.,* 222 U. S. 325; *Metropolitan Water Co.* v. *Kaw Valley District,*

223 U. S. 519; *Union Trust Co. v. Westhus,* 228 U. S. 519. The duty of the District Court was defined by the decision of the Circuit Court of Appeals and in its further proceedings it was bound to apply the principles which that court had laid down for its guidance. It may not have been observed by the appellate court that, in the case of Shapiro, the 'Government had entered a *nolle prosequi* as to the counts charging an offense which might be punished by fine alone; but this being the actual state of the record, it cannot be doubted that, reading the mandate of the appellate court in the light of its opinion, the District Court was not free to accept the plea of *nolo contendere* as applicable to the remaining 'prison counts.' Its obedience to the mandate under the law as declared by the Circuit Court of Appeals required it with respect to these counts upon which the Government stood to reject the plea of *nolo contendere* and to proceed with the case. It is now assigned as error that the District Court did set aside this plea. It is insisted that the plea had been accepted when originally tendered, but this is negatived by the ruling of the Circuit Court of Appeals and we are in substance asked to revise its decision upon a writ of error to the District Court. This would be to transcend the limits of our jurisdiction as it has been clearly defined in the cases cited.

It is no answer to say that new constitutional questions were raised by the special pleas after the case had been remanded to the District Court. We cannot take the case in fragments and if it is reviewable upon a direct writ of error, by reason of the presence of a constitutional question, the whole case must come here and we must assume the duty of passing upon the proceedings of the District Court which were taken by it under the mandate of the Circuit Court of Appeals. The ruling upon this point in *Union Trust Co.* v. *Westhus, supra,* is controlling. There, the constitutional question was raised by an amendment to the pleadings in the District Court after the decision of

the Circuit Court of Appeals, and it was insisted that this fact made the previous decisions inapplicable. But the asserted distinction was not sustained. The error lay, it was said, 'in pursuing a mistaken avenue of approach to this court,' that is, 'of coming directly from a trial court in a case where, by reason of the cause having been previously decided by the Circuit Court of Appeals, the way to that court should have been pursued even if it was proposed to ultimately bring the case here.' There is, as was pointed out in *Brown* v. *Alton Water Co.*, 222 U. S. 325, ample opportunity for a review by this court of every judgment or decree of a lower court which the act of 1891 (now embodied in the Judicial Code) contemplated should be here reviewed, but, in the distribution of jurisdiction, this court is not authorized 'to review a judgment or decree of a Circuit Court of Appeals otherwise than by proceedings addressed directly to that court.'

*Dismissed.*