# FARMERS & MECHANICS NATIONAL BANK OF FORT WORTH, TEXAS, *v.* WILKINSON, TRUSTEE, AND THE UNITED STATES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 487. Motion to dismiss submitted October 6, 1924.—Decided January 5, 1925.

1. When a decree of the District Court has been affirmed by a decree of the Circuit Court of Appeals which this Court has

declined to review by certiorari, questions concerning its validity and merits cannot be reopened either by the District Court or through an attempted review in this Court, by direct appeal or writ of error, of the order enforcing the mandate. P. 506.

2. An order of the District Court inflicting punishment for contempt is not ordinarily reviewable in this Court by direct appeal or writ of error. *Id.*

3. Of writ of error and appeal, the former is the appropriate mode of review in criminal contempts; but c. 448, § 4, 39 Stat. 727, renders the distinction unimportant. P. 507.

4. An order of the District Court punishing a party for contempt in disobeying an order made to enforce a mandate from the Circuit Court of Appeals, cannot be reviewed here by direct writ of error upon the grounds that it exceeded the District Court's jurisdiction and infringed constitutional rights, where these questions were foreclosed by the decree of the Circuit Court of Appeals upon which the mandate issued. *Id.*

Appeal dismissed.

APPEAL from an order of the District Court commanding the appellant to make a payment, as ordered by a referee in bankruptcy, and fining the appellant for contumacy in having refused to do so. The referee's order was made in pursuance of a mandate from the Circuit Court of Appeals. See 295 Fed. 120.

*Mr. Mark McMahon,* for appellee, in support of the motion to dismiss or affirm. *Mr. George M. Conner* and *Mr. Orestes Mitchell* were also on the briefs.

*Mr. Charles A. Boynton,* for appellant, in opposition to the motion. *Mr. W. E. Spell, Mr. Clay Cooke, Mr. J. A. Templeton* and *Mr. G. A. Stultz* were also on the brief.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The Walker Grain Company, on July 27, 1918, borrowed from the American National Bank of Fort Worth, Texas, $10,000, for which it executed its demand note

payable to the bank. August 16th following, a petition in bankruptcy was filed against the Grain Company, upon which it was adjudicated a bankrupt. After the petition was filed the bankupt paid the amount of the note, and, thereafter, appellant succeeded to all the assets and rights and assumed all the liabilities of the American National. Upon these facts the trustee in bankruptcy filed a motion with the referee to summarily require appellant to restore the amount of such payment. Appellant, by proper pleading, denied the jurisdiction of the referee, insisted that the trustee should proceed by a plenary suit, and alleged that the note was secured by property of the bankrupt and that the payee bank was entitled to priority of payment. The referee found that the note was not so secured, that appellant had no color of right to the payment made after the commencement of the bankruptcy proceedings, and ordered appellant to pay over to the trustee the amount received. The findings and conclusions of the referee were approved by an order of the district court, and its order was affirmed upon petition to revise by the court of appeals for the fifth circuit, 295 Fed. 120; and this court denied a petition for certiorari. 264 U. S. 588. After the mandate had gone down to the district court, the referee ordered appellant to comply therewith, but appellant refused to do so, which refusal was certified to the district court for its action. At the same time the trustee moved the court for an order to compel compliance with the mandate. After a hearing the district court found appellant guilty of contempt, and, in addition to commanding payment of the amount ordered by the referee, imposed a fine of $2,500, as punishment for appellant's contumacious behavior, one-half payable to the United States and one-half to the trustee in bankruptcy. From this order appellant has not only taken this appeal but also a petition to revise to the circuit court of appeals for the fifth circuit.

Appellee has submitted a motion to dismiss the appeal or affirm the decree of the district court upon the grounds, among others, that this court is without authority to entertain the appeal, and that there is no substance in the questions sought to be presented. The motion to dismiss must be granted.

Upon the appeal here appellant seeks a review of the order adjudging appellant in contempt and also of the jurisdictional issues disposed of by the original decree approving the action of the referee which the circuit court of appeals refused to disturb. All questions concerning the validity and merits of that decree were finally disposed of by the decree of the circuit court of appeals and the denial of the application for a certiorari by this court. The district court was bound to give effect to the decision of the circuit court of appeals; so that what, in effect, we are asked to do is to review and reverse the decree of the latter. The power here to review that decree has been exhausted; but, in any event, it could not be exercised upon direct appeal or error. *Brown* v. *Alton Water Co.,* 222 U. S. 325, 331–334; *Carter* v. *Roberts,* 177 U. S. 496, 500; *Union Trust Co.* v. *Westhus,* 228 U. S. 519, 522–524; *Metropolitan Co.* v. *Kaw Valley District,* 223 U. S. 519, 522–524; *Shapiro* v. *United States,* 235 U. S. 412, 415–417.

It follows that the only questions open for consideration are those arising from the contempt order. But that order, being in part punitive, takes character from its criminal feature and, ordinarily, such an order is not open to review by this court upon direct appeal or error. *O'Neal* v. *United States,* 190 U. S. 36, 38; *Hayes* v. *Fischer,* 102 U. S. 121, 122; *In re Chetwood,* 165 U. S. 443, 462. And see *Union Tool Co.* v. *Wilson,* 259 U. S. 107, 110–111; *Bessette* v. *W. B. Conkey Co.,* 194 U. S. 324, 336–338; *Matter of Christensen Engineering Co.,* 194 U. S. 458, 461; *In re Merchants' Stock Co.,* 223 U. S. 639,

641–642. It may be said in passing that the case is here upon appeal not upon writ of error, the appropriate mode of review in criminal contempts; but that is unimportant under c. 448, § 4, 39 Stat. 726, 727, requiring disregard of such mistakes.

Appellant insists, however, that the jurisdiction of this court attaches upon the grounds that the district court was without jurisdiction to make the order and that there was a denial of constitutional rights. See *Grant* v. *United States,* 227 U. S. 74, 78–79. Jurisdiction of the district court here over the person and over the subject-matter of contempts is beyond question; and the challenge to the jurisdiction, as well as the assumed denial of constitutional rights, apparently, are made to rest only upon the assertion that it was not within the power of the referee or the district court, as a court of bankruptcy, to require the bank, by a summary order, to restore to the trustee the amount of the payment in question; the contention being that the only remedy was by plenary action with the right of trial by jury. But, since the decision of the circuit court of appeals, as already stated, is conclusively against appellant upon that issue, and prevented any further consideration of it by the district court, the asserted basis for a direct resort to this court is without any substance.

*Appeal dismissed.*