## HUDSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.
December 3, 1925.)

No. 3335.

**1. Criminal law ⚖➔980(1)—Imprisonment sentence authorized for offense may be imposed on plea of nolo contendere.**

In prosecution for using and conspiring to use the mails with intent to defraud, under Criminal Code, §§ 37, 215 (Comp. St. §§ 10201, 10385), penalties for which offenses are fine or imprisonment, or both, the court, after accepting plea of nolo contendere, may impose an imprisonment sentence, without any limitation except that provided by statute.

**2. Criminal law ⚖➔275—Plea of nolo contendere may be accepted, where punishment may be fine alone, or fine and imprisonment.**

Plea of nolo contendere is not applicable where punishment must be imprisonment with or without a fine, but is applicable and may be accepted where punishment may be by fine alone, although an alternative imprisonment punishment is provided.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

C. A. Hudson and R. R. Brogan were sentenced under charge of using the mails with intent to defraud, and they bring error. Affirmed.

Frank P. Patterson and B. B. McGinnis, both of Pittsburgh, Pa., for plaintiffs in error.

John D. Meyer, U. S. Atty., and F. C. McCutcheon, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and CLARK, District Judge.

WOOLLEY, Circuit Judge. The indictment against Hudson and Brogan contains six counts; the first five, drawn under section 215 of the Criminal Code, charge use of the mails with intent to defraud; and the last, drawn under section 37 of the Criminal Code, charges conspiracy to commit the offenses named in the previous counts. The penalties for offenses of both kinds are fine or imprisonment, or both. 35 Stat. 1130, 1096 (Comp. St. §§ 10385, 10201).

[1] On being arraigned, Hudson and Brogan (whom we shall call the defendants) tendered pleas of nolo contendere. The court accepted them and imposed sentences of imprisonment. The defendants then sued out this writ of error and, challenging the action of the court, have raised the question: Has a federal District Court, after accepting a plea of nolo contendere, power to impose a sentence of imprisonment? The answer turns on the nature of the plea and the character of the penalty prescribed for the offense to which the plea is directed.

The plea of nolo contendere was long known at common law. It was there regarded, not as a plea of right, but as a plea of grace, to be accepted or refused by the court in its discretion. This was because the plea was neither one of guilty nor one of not guilty, but rather an appeal for mercy. Being in form a declaration by the accused that "he will not contend with the" prosecuting authority under the charge, it was not, in the strict sense of that term in the criminal law, a plea at all. It was, however, treated as a plea and its effect, when entered, was that of confession of guilt, and on a record thus made sentence could validly be imposed; but the confession, implicit in the plea, could not be used against the defendant in any civil suit for the same act. This, briefly, was the common-law understanding of the plea of nolo contendere, and, in the absence of federal statutes providing for its use or varying its meaning, this also is the nature of the plea in federal jurisprudence.

The next question—when upon such a plea may a court impose a sentence of imprisonment—is fraught with more difficulty, involving distinctions between the use of the plea in cases for major and minor offenses and between sentences where imprisonment is, under the statute, either mandatory or discretionary with the court.

The defendants, relying upon decisions at common law which hold the plea not applicable in capital cases and upon decisions which hold it applicable in cases where a defendant desires "to submit to a small fine," maintain that when the plea is accepted in a case where, as here, the statute provides a penalty by fine or imprisonment a federal court is without power to impose a penalty of imprisonment and is limited to the alternative penalty of a fine. The infirmity of this position is disclosed by the authorities cited and the reasoning of the opinion in Tucker v. United States (C. C. A. 7th) 196 F. 260, 116 C. C. A. 62, 41 L. R. A. (N. S.) 70. In that case the court cited nearly all the cases on the subject that have come to our attention and, reviewing many of them, pursued a line of reasoning to which we subscribe and to which we refer for the ground of our decision.

Unquestionably at common law the plea could not be accepted in capital cases. Whether it was applicable in cases of felony

where the punishment was by imprisonment alone is not clear. With equal certainty the plea was accepted in cases where the punishment was by fine alone. There the English decisions seem to stop.

In America the trend of state decisions is toward the acceptance of the plea in cases where the punishment is by fine or imprisonment. This, while persuasive, is not controlling on federal courts. United States v. Thompson, 251 U. S. 407, 40 S. Ct. 289, 64 L. Ed. 333. Nor does the decision in the Tucker Case control the instant case on the facts, for there the plea was entered to the indictment wherein some counts charged offenses whose punishment was by imprisonment alone and therefore mandatory upon the court and other counts charged offenses whose punishment was by fine or imprisonment and therefore discretionary with the court. Yet the reasoning in that case and in the companion case of Shapiro v. United States, 196 F. 268, 116 C. C. A. 70; Id., 235 U. S. 412, 35 S. Ct. 122, 59 L. Ed. 291, shows the rule which is:

[2] (a) The plea of nolo contendere is not applicable and, if tendered, cannot be accepted in a case where, under a statute, the punishment *must* be by imprisonment, with or without a fine; (b) but it is applicable, and, if tendered, may be accepted in a case where the punishment *may* be by fine alone, although the offense may as well be punishable by imprisonment; and (c) when so tendered and accepted the sentence may, in the court's discretion, prescribe both fine and imprisonment, or imprisonment or fine alone—in any event without limitation (except that of the statute) upon the size of the penalty.

The sentence of the court validly came within the last classification and therefore its judgment is affirmed.