**In re MILGROM.**

**Bankr. No. 86225.**

United States District Court
S. D. New York.

Nov. 30, 1950.

Mathias Naphtali, New York City, for trustee.

Max L. Finkelstein, New York City, for bankrupt.

RYAN, District Judge.

The trustee moved for an order directing the bankrupt to account for and turn over merchandise inventory of hosiery, underwear and other wearing apparel of the value of $10,830.71, and cash or proceeds of collection of accounts receivable amounting to $4,122.16.

The referee, upon completion of the evidence presented by the trustee and without putting the bankrupt to proof, dismissed the trustee's petition, and made findings of fact, among which were the following:

"5. That the Trustee has failed to prove that the said Harry Milgrom, the Respondent herein, had in his possession, or under his control, any of the personal property consisting of hosiery, underwear and other wearing apparel of the alleged value of $10,684.91, or any part thereof, on the 2nd day of February, 1950, the date of the Trustee's petition, or that he had in his possession or under his control such personal property on the 12th day of June, 1950, the date of hearing.

"7. That the Trustee, David N. Aberman, has failed to sustain the allegations of his petition in that he has failed to prove that the said Harry Milgrom, the Respondent herein, had in his possession, or under his control, any of the cash or the proceeds of the collections of accounts receivable of the alleged value of $4,122.16, or any part thereof, on the 2nd day of February, 1950, the date of the Trustee's petition, or that he had in his possession or under his control such cash or proceeds or any part thereof, of the collections of accounts receivable on the 12th day of June, 1950, the date of the hearing."

The trustee has now filed a petition to review in which he particularly challenges these findings—"5" and "7"—and the law which the referee applied to the evidence in so finding.

The referee, dismissing the petition, stated on the record (S.M. pp. 53, 54):

"There is absolutely no proof that on February 3, 1950, when this respondent was served with these papers that he had any of these articles or merchandise and there is no proof that on June 12, 1950, a year and a half later, that he has the merchandise.

"Now, there is no longer any presumption of continued possession and under the decision in the Maggio case, Maggio v. Zeity, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476. I don't see how you sustain the burden of proof. It is incumbent upon you to prove your case before the respondent must move—

"Mr. Naphtali: May I say this, that I have read the Maggio case—

"The Referee: There is no use arguing with me about it. The Supreme Court has wiped out the presumption of continued possession which used to be the rule in this district for many years. There is no longer presumption of possession, I warned you when you started to bring this proceeding that you were going to be up against that proposition, and you persisted in bringing it.

"The motion is granted."

In the consideration of this petition the following dates are important:

April 13, 1949—involuntary petition in bankruptcy filed;

June 1, 1949—trustee elected;

February 3, 1950—date of directing service on bankrupt of petition for order of turnover;

February 23, 1950—return date of petition;

June 12, 1950—hearing had before referee; petition dismissed.

The bankrupt was a wholesale jobber in hosiery and underwear.

The proof presented by the trustee, standing as it does uncontradicted by any evidence offered by the bankrupt, is sufficient to support a finding that on the date of the bankruptcy the latter had in his possession merchandise inventory for which he has failed to account, totaling $10,684.-91, and cash or monies representing collections for sales and on accounts of the amount of $4,122.16. It appears on the present record that contrary findings would be against the weight of credible evidence.

But, the record is devoid of any affirmative proof that the bankrupt continued in possession of the merchandise and cash, or proceeds thereof, either on February 23, 1940, the return date of the petition, or on June 12, 1950, the day of the final hearing and dismissal.

On such a showing, was the referee required by Maggio v. Zeitz, 1948, 333 U.S. 56, 68 S.Ct. 401, 403, 92 L.Ed. 476, to dismiss the petition?

The Maggio case concerned the shortage of saleable merchandise inventory; the "abstraction by Maggio occurred several months before bankruptcy and over a year before the turnover order was applied for." Here, too, we have merchandise with a ready market available, and the dates of bankruptcy and petition for turnover are relatively similar.[1] It is true that in that case the proceeding before the court was not the issuance of a turnover order, but an application to punish for failure to comply with and obey a turnover order theretofore made. The Supreme Court read the Court of Appeals' opinion, In re Luma Camera Service, Inc., 2 Cir., 157 F.2d 951, as holding "that in reality Maggio did not retain the goods or their proceeds up to the time of the turnover proceedings and that the turnover order was unjust." 333 U.S. at page 60, 68 S.Ct. at page 404. It is in the light of the nature of the proceeding then before the Court and of these findings that the opinion must be read.

Mr. Justice Jackson wrote, 333 U.S. at page 63, 68 S.Ct. at page 405:

court to direct Maggio to turn over a considerable amount of merchandise alleged to have been taken from the bankrupt concern in 1941, and still in Maggio's possession or control."

---

1. Maggio v. Zeitz, 333 U.S. at page 56, 68 S.Ct. at page 403: "Joseph Maggio, the petitioner, was president and manager of Luma Camera Service, Inc., which was adjudged bankrupt on April 23, 1942. In January of 1943 the trustee asked the

"When supported by 'clear and convincing evidence,' the turnover order has been sustained as an appropriate and necessary step in enforcing the Bankruptcy Act. Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419; Cooper v. Dasher, 290 U.S. 106, 54 S.Ct. 6, 78 L.Ed. 203. See also, Farmers & Mechanics National Bank v. Wilkinson, 266 U.S. 503, 45 S.Ct. 144, 69 L.Ed. 408.

"But this procedure is one primarily to get at property rather than to get at a debtor.

\*   \*   \*   \*   \*   \*

"This Court has said that the turnover order must be supported by 'clear and convincing evidence,' Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 174, 73 L.Ed. 419, and that includes proof that the property has been abstracted from the bankrupt estate and is in the possession of the party proceeded against. It is the burden of the trustee to produce this evidence, however difficult his task may be."

■ The trial court, when determining the factual issue of whether the bankrupt is presently in possession of or exercises control over the property involved in the turnover proceeding, may consider and give weight to the fact that the missing assets were in the possession or under the control of the bankrupt at the time of the bankruptcy. It may infer from that fact that the bankrupt has continued in possession up to the time of the hearing, but such inference must be trimmed and limited by the application of common sense and every day experience to all the evidence presented. Thus, Mr. Justice Jackson continued, 333 U.S. at page 65, 68 S.Ct. at page 406:

"Since no authority imposes upon either the Court of Appeals or the Bankruptcy Court any presumption of law, either conclusive or disputable, which would forbid or dispense with further inquiry or consideration of other evidence and testimony, turnover orders should not be issued, or approved on appeal, merely on proof that at some past time property was in possession or control of the accused party, unless the time element and other factors make that a fair and reasonable inference.

\*   \*   \*   \*   \*   \*

"In any event, rules of evidence as to inferences from facts are to aid reason, not to override it. And there does not appear to be any reason for allowing any such presumption to override reason when reviewing a turnover order."

■ Judged, then, by these standards, and considering the lapse of time from the date when the bankrupt was proved to have been in possession of the property involved to the time of service on him of the petition for the turnover order—a lapse of more than nine months—, and the marketable character of the merchandise, it cannot be said that the referee was in error in refusing to infer that the bankrupt had continued in possession of the property and monies sought to be recovered by the trustee. The referee was amply warranted in finding, on the evidence before him, that on June 12, 1950, the day of his decision, that the bankrupt was not in possession.

Petition to review is denied.